SANFORD LAMB v. SARAH JEFFREY AND STEPHEN F. SNYDER.

*Bill to redeem from mortgage—Interest of complainant—Costs.*

One who files a bill to redeem from a mortgage must show by his bill that he has an interest in the equity of redemption.

But if he avers that he owns a certain mortgage which is a subsequent mortgage to that of complainant, and his bill is not demurred to, it may be sustained notwithstanding he fails to set forth such facts as show that his mortgage and that from which he seeks to redeem are mortgages in the same chain of title. Especially is this so when it appears that defendant has recognized his right to make payments, by receiving interest from him.

Costs must commonly be paid by the complainant when he files his bill to redeem, but they may be imposed upon the defendant if he unreasonably refuses to receive the money when it is tendered to him.

Appeal from Calhoun. Submitted June 29. Decided October 12.

BILL to discharge mortgage. Complainant appeals. Decree granted.

*M. D. Weeks* and *A. M. Culver* for complainants. A mortgagee cannot maintain a bill to redeem from another mortgage without showing priority. 2 Story's Eq. Jur. § 1023.

*Miner & Stace* for defendants.

COOLEY, J. This case was before us on a former occasion, on appeal from a decree of the court of chancery dismissing the bill after hearing on the pleadings. The object of the bill was then stated to be to enforce complainant's right to redeem from a mortgage held by the defendant Sarah Jeffrey upon lands of which he claimed to be a subsequent encumbrancer. The bill averred that complainant had tendered to Mrs. Jeffrey the full amount of her mortgage debt and demanded an assignment, but that she, instead of acceding to the demand, had proceeded to foreclose at law. The bill had been dismissed for supposed formal defects in its allegations, but this court reversed the order, holding that complainant had a right to put in his proofs, and that either party should be at liberty to amend. *Lamb v. Jeffrey* 41 Mich. 719.

No amendment of the pleadings was made, but the proofs were taken, and the court again dismissed the bill. The ground of dismissal is understood to have been that complainant showed no privity of estate with defendant Jeffrey. Of course it was essential to complainant's case that his mortgage should be shown to be a mortgage of the equity of redemption from the mortgage of defendant; and if this does not appear, the decree is correct. *Smith v. Austin* 9 Mich. 465.

The bill alleges that complainant's mortgage was given November 21, 1876, by Van Rensselaer Squier and wife to Louise E. Cooley upon lands described therein of which Squier was then seized in fee. It then avers that it was a subsequent encumbrance and lien upon the lands described in another mortgage given April 25, 1875, by one Selden D. Griffith and wife to Alton Griffith. The assignment of the Squier mortgage to complainant and the Griffith mort-

gage to Mrs. Jeffrey is then alleged, and the allegation is followed by others in respect to the tender and the refusal by Mrs. Jeffrey to receive the money. The formal defect here is that the bill does not expressly show that Squier derived title to the land through or under Griffith, which would be essential to make out privity.

The answer professes ignorance of complainant's mortgage, and does not admit its validity. It admits, however, that if it has any validity it " was and is a subsequent encumbrance and lien on said land therein mentioned and described" to the mortgage held by Mrs. Jeffrey. This admission apparently was supposed to render unnecessary any proofs in respect to the title, and none were gone into. Under these circumstances we are inclined to treat the allegation in the bill as sufficient. To say that one mortgage is a subsequent encumbrance on the land described to another is in effect to say that it is a mortgage of the equity of redemption ; and if the defendant wanted more specific allegations she should have demurred. We are not disposed to favor objections of this sort when taken in any other manner than by demurrer And we are especially indisposed to do so in this case because it incidentally appears that Mrs. Jeffrey had recognized the right of the second mortgagee to make payments upon the one held by her; and this could only come from an interest in the equity of redemption. A stranger to the title has no right to pay off a mortgage.

The substantial questions, then, are whether complainant made a tender as he claims, and if so, whether Mrs. Jeffrey refused to receive it. Upon this point the testimony is hopelessly in conflict. We are forced to the conclusion, however, that complainant did make a tender as he claims he did, and that Mrs. Jeffrey, if she did not directly refuse to comply, managed to avoid it for the purpose of obtaining the land on a foreclosure which should cut off the mortgage of complainant. The complainant is therefore entitled to the relief he prays.

The only question that remains concerns the costs. In general the party coming to redeem must do so at his own

expense, unless he has tendered redemption and put the owner of the mortgage in default. We have already said that we think that was the case here. It is said on behalf of defendant that the bill does not show that the tender has been kept good; and in strictness this is true, though the bill does say complainant has always been ready and willing to pay defendant the amount of her mortgage if she would receive it. That she would not receive it at any time since suit was brought sufficiently appears from her answer.

The most favorable decree we can make for the defendant is to give her the amount of her mortgage with interest, but to require her to pay the costs of taking the appeal and the costs in this court. In the court below each party will be left to pay his or her own costs. A final order will be entered accordingly.

The other Justices concurred.