MARY BILZ BY HER NEXT FRIEND v. FRANK BILZ.

*Evidence on Chancery Appeals.*

All testimony offered in a chancery cause should be admitted, and if admitted subject to objection, an appeal from the ruling thereon brings up the whole testimony, that the appellate court may pass upon all questions and dispose of the case without sending it back for rehearing.

Appeal from Wayne. Submitted June 12. Decided June 19.

BILL TO SET ASIDE A CONVEYANCE as obtained from an insane grantor, dismissed below with costs.

*Moore & Moore* (on brief) for complainant and appellant.

*Romeyn & Weir* (on brief) for defendants and appellees claimed that there was no such preponderance of evidence as to establish the insanity of the grantor at the date of the deed, and cited 1 Greenl. Ev., § 42, and *Green v. Langdon,* 28 Mich., 225.

MARSTON, J.   The only controverted question in this case relates to the mental competency of Catherine Bilz, the mother of Mary Bilz, to convey certain real estate of which she stood seized, on the 19th day of March, 1874.

Catherine Bilz, December 9th, 1874, was, upon the petition of her husband, Frank Bilz, adjudged by the probate court of Wayne county an indigent insane person and taken to Kalamazoo, where she died October 15, 1875.

There can be no doubt, from the testimony of the defendants, as to her insanity as early as July, 1874.   Previous to that date her insanity is denied.   The testimony on the part of the complainant satisfies us that at least from the time of her mother's death, in January, 1874, she was of unsound mind and incapable of intelligently disposing of her property.   While witnesses from observation form opinions as to the state of mind of certain persons, it is very difficult for them afterwards to remember and testify to all the various circumstances which led them to such conclusion, and yet in this case if the witnesses on the part of complainant are to be believed, there could seem to be no doubt of her insanity at the time mentioned.   It is not claimed that they were not truthful, but that their testimony when examined in connection with that of the defendants was insufficient and would not justify the court in setting aside the conveyance.   We think otherwise.

An erroneous practice seems to have prevailed in this case which should be corrected, and which would have resulted in our sending the case back to allow a farther examination of the witnesses had our opinion been different on the facts as the case stood.

The greater part of the testimony was taken in open court. Questions were objected to and sustained, the evidence excluded and exceptions taken. Certain supposed incompetent testimony was stricken out, and the case proceeded in this manner as in a trial at law.

In chancery cases whether the testimony is taken in open court or before a commissioner, all the testimony offered should be admitted. If objected to, it is taken and admitted subject to the objection, which will be passed upon at the hearing, and no matter how disposed of or considered upon the hearing, the case, if appealed, brings up the entire testimony where all the questions may be considered and passed upon on the hearing in this court. In this way the case is disposed of without the necessity of sending it back in case it should appear that competent evidence was excluded, either during the examination of the witnesses or upon the hearing. The effect of a contrary practice can very easily be imagined, and need not be farther commented upon. *Hewlett v. Shaw*, 9 Mich., 346.

The decree of the court below will be reversed, with costs, and a decree entered setting aside the conveyance.

The other Justices concurred.