## DAVIS *v.* WARDOWSKI.

1. APPEAL AND ERROR — TENANTS BY ENTIRETIES — HUSBAND AND WIFE — MOTION TO DISMISS — INTEREST OF WIFE AS APPELLANT.
   In a suit to foreclose a mortgage executed by husband and wife on an estate by the entireties, the wife has such an interest as entitles her to appeal from a decree of foreclosure, denying to the defendants relief under their cross-bill wherein it was averred that the mortgage was secured by fraudulent representations of complainant's agent, and that, in reliance on such representations, defendants transferred their homestead in exchange for the property covered by said mortgage, which was executed as a part of the transaction; the appellant claiming the right to a release from personal liability on the mortgage, but not to rescission of the entire transaction; and a motion to dismiss the wife's appeal is therefore denied.

164 MICH.—36.

2. PARTIES—MORTGAGES—FORECLOSURE—FRAUD.

Relief may be given, in a suit to foreclose a mortgage which the defendants claim was procured from them, as husband and wife, by fraud, on the cross-bill of both husband and wife, who were parties defendant. *Lang* v. *Prindle*, 163 Mich. 256 (128 N. W. 220), distinguished.

3. EQUITY—HEARING—ADMISSION AND REJECTION OF EVIDENCE—PRACTICE.

Evidence offered in chancery proceedings should not be rejected by the trial court at the hearing.

4. SAME.

The court, on appeal, may not accept defendants' claim, as stated in their cross-bill, as true, because evidence in support of their contentions, offered at the hearing, was rejected by the trial judge.

Appeal from Wayne; Donovan, J. Submitted January 11, 1911. (Docket No. 69.) Decided February 1, 1911.

Bill by Elizabeth Davis against Louis M. Wardowski, Nellie Wardowski, and the Dime Savings Bank, to foreclose a mortgage. Defendants filed a cross-bill claiming affirmative relief. From a decree for complainant, defendant Nellie Wardowski appeals. Cause remanded for further proceedings.

*May & Dingeman*, for complainant.

*Stellwagen & MacKay*, for defendant Dime Savings Bank.

*Palmer & Palmer* (*Lewis T. Wilcox* and *Albert L. Chandler*, of counsel), for defendant Wardowski.

STONE, J. The bill of complaint in this cause is the usual foreclosure bill, filed by complainant to foreclose a mortgage accompanied by a promissory note for $4,250, upon certain real estate consisting of dwelling, lots, and outbuildings, located in the city of Corunna, Shiawassee county, executed by the defendants Louis M. Wardowski

and Nellie Wardowski, his wife, bearing date July 7, 1906, and payable in seven years with interest at 5½ per cent. per annum, payable semi-annually. In and by the bill of complaint the whole amount secured by said note and mortgage is claimed to be due and unpaid, amounting to the sum of $4,580, or thereabouts. The bill of complaint contains the following paragraph:

"That the said Louis M. Wardowski and Nellie Wardowski pay to your oratrix any balance that shall remain due to your oratrix of the principal and interest of said promissory note and mortgage, if the sale of said mortgaged premises as aforesaid fails to produce sufficient to pay the whole of said mortgage debt and the costs of this suit."

The complainant assigned as collateral security the said note and mortgage to the Dime Savings Bank of Detroit to secure a loan made by her of $4,000. It appears that the indebtedness to said bank has, since the filing of the bill, been fully paid and discharged by the complainant, and therefore the bank is no longer interested in this matter, and may be dismissed without further consideration. The controversy is therefore between the complainant and the two defendants, Louis M. Wardowski and Nellie Wardowski.

In their answer to the bill of complaint, the last-named defendants admit that they signed and acknowledged the said mortgage, but they claim and insist that they were induced to sign and execute said note and mortgage on the representations of complainant, on which they relied, and which representations were false and fraudulent, and by means of which false and fraudulent representations they were damaged and injured to the full extent of the amount named in said note and mortgage, and they claim that said note and mortgage are void for want of consideration. They allege certain matters by way of cross-bill in their answer, to the effect that in the month of June, 1906, they were the owners of certain city property

in the city of Detroit; that they resided upon the same, and held title thereto, as tenants by the entireties; that they were approached by one Webster Davis, as agent for complainant, and were induced by his false representations to trade their interest in the said Detroit property for the said Corunna property above referred to; that in said negotiations said Webster Davis, acting as the agent of complainant duly authorized, falsely represented that said Corunna real estate had cost, and was worth, $12,000; and relying upon his representations they conveyed their said Detroit homestead, and gave the note and mortgage on the said Corunna property to which they had taken title as tenants by the entireties, said mortgage representing a part of the purchase price of the Corunna property. They aver that at the time of the making of said trade the said Corunna property was not worth to exceed $7,750; that they were ignorant of the values of real estate, and relied implicitly upon the representations of said Davis. They aver that they have practically sold said Corunna property, and that if complainant shall be allowed to enforce collection of said note and mortgage, as prayed in the bill, the amount of the sum so collected will be a total loss to said defendants, and that they will thereby entirely lose their homestead deeded to complainant in said trade. They pray in their cross-bill for the following relief:

(1) That said note and mortgage be declared illegal and void, so far as the same is legally and equitably owned by the complainant, and that complainant be decreed to surrender said note and mortgage to the defendants, and the said mortgage be discharged of record and canceled.

(2) They pray that the said bank shall first look to its other security for the collection of its indebtedness against the complainant, and that they be relieved entirely from any liability by reason of said note and mortgage.

Upon the hearing of this cause, on testimony taken in open court, the circuit judge dismissed the cross-bill, and

entered a decree in favor of the complainant against these defendants for the whole amount claimed to be due upon said note and mortgage so given to complainant. From this decree the defendant Nellie Wardowski alone has appealed. A motion was made before the hearing to dismiss this appeal, on the ground that the said defendants owned the property as tenants by the entireties, and that the defendant Nellie could not alone appeal. We think that counsel for complainant in making this motion misconceived the claim of the said defendants. They nowhere in their answer or cross-bill asked to be restored to their property in the city of Detroit, which they traded for the Corunna property. They aver in their answer that they have disposed of their interest in the Corunna property. Whether this is by deed or otherwise does not clearly appear from this record, for reasons which we shall hereinafter state. They simply asked to be relieved of their liability under the note and mortgage given upon the Corunna property. Upon the hearing of the cause their solicitor distinctly stated to the court that these defendants were not seeking a rescission of their trade or sale; and on this appeal the appellant is simply seeking to escape liability on the mortgage and note. The claim of both defendants was by way of defense to the bill of complaint, and the cross-bill simply asked that the mortgage and note be canceled and surrendered. Both husband and wife are parties, and *Lang* v. *Prindle*, 163 Mich. 256 (128 N. W. 220), does not apply.

Because the husband did not appeal, is no reason why the wife should be deprived of that right. We think that the defendant Nellie Wardowski has a right to appeal from the decree, which contains a provision:

"That on the coming in and confirmation of said report the said defendants, Louis M. Wardowski and Nellie Wardowski, who are hereby decreed to be personally liable for the debt secured by the said mortgage, pay to the complainant the amount of such deficiency, with interest

thereon from the date of such report, and that the complainant have execution therefor."

For aught that appears in this record, the appellant may be possessed of other property, and her right to be relieved of such deficiency would, if entitled to the same, be a very substantial right. We must therefore refuse to dismiss the appeal for the reason stated.

It is further claimed by complainant that, under Chancery Rule 34, the defendants Wardowski have parted with their interest in the suit, and that the same should be suggested of record. At most they have deeded away their equity of redemption in the Corunna property, pending this suit. This would not prevent them from defending against the note and mortgage.

We regret exceedingly that we cannot now dispose of this cause on its merits. It appears clearly that the defendants were precluded from introducing their testimony in support of their claimed defense. Pending the cross-examination of Louis M. Wardowski, the following colloquy took place between the court and counsel:

"*The Court:* I have heard enough of this case.

"*Mr. Chandler:* We are satisfied of that. May it appear of record that we have Mrs. Wardowski in court and the other witness here, the builder of the property, for the purpose of showing the cost, etc., and we stand ready to put that in the record. I am not complaining in any way of your honor's disposition of it, but to put ourselves correctly on the record, you know. I desire to call your honor's attention, also, to 152 Mich. 177 (115 N. W. 964, 15 L. R. A. [N. S.] 1092, 125 Am. St. Rep. 406), the case of *Smith* v. *Werkheiser,* a case which, we claim, is on all fours with this. With that statement I am willing to let your honor make a disposition of it.

"*Mr. May:* I think that so far as complainant herself is concerned, I am satisfied that your honor has given us more latitude in taking this matter up than we are entitled to. It is exasperating to me because I know a good deal about the matter, but the complainant herself being in court, I am perfectly willing to cease the cross-examination and put her on.

" *The Court:* She may be sworn then.

" *Mr. Palmer:* We are not through with this witness, and if you are going to prepare a record and you have decided—

"*The Court:* I will stop right now, you have gone far enough on your showing. Now, that is the end of it."

And this ended all testimony in the cause, and a decree was entered for complainant.

Now, we are asked by counsel for appellant to consider as testimony the claim of Mrs. Wardowski in her answer and cross-bill, urging that the same should be taken as true, as she was not permitted to testify in support thereof. We certainly cannot do this. It was the clear duty of the court to permit the defendants to offer their testimony. The rule requiring the admission of testimony offered in a chancery proceeding is well established, and we need not cite cases in support of the practice. *Hewlett* v. *Shaw*, 9 Mich. 346; *Bilz* v. *Bilz*, 37 Mich. 116. In and by her answer and cross-bill Mrs. Wardowski claimed that certain representations made to her by complainant's agent were false and fraudulent in fact, that she relied upon the same, believed them to be true, and, so relying and believing, executed the mortgage and promissory note. We are deprived of her testimony, notwithstanding the fact that she was in court as a witness at the time the circuit judge announced that he would hear no further testimony.

It is also claimed that the testimony of the builder, and of Mr. Wilcox, who seems to have taken some sort of title to the Corunna property, was important, and should be received.

This court is certainly in no position to pass upon the merits of the cause. We have no alternative but to remand the same to the circuit court with direction that the decree be opened and Mrs. Wardowski be permitted to testify in support of her answer and cross-bill, and to offer such other evidence as she may be entitled to. The cause

will be so remanded. The appellant will recover the costs of this court, the other costs to abide the event of the cause.

Cause remanded.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.