### Samuel H. Hewlett v. John Shaw.

Bill in Chancery. The defendant answered fully, and also claimed by his answer the benefit of a demurrer. Replication was filed, and the cause went to a hearing under an order for the taking of proofs in open court. At the hearing, the Circuit Judge refused to hear evidence, and dismissed the bill for want of equity. On appeal, this Court, without considering the sufficiency of the case made by the bill, reversed the decree, and remanded the cause.

The right of appeal in chancery is an absolute one, and where an issue of fact is joined, either party has the right to introduce evidence, so that if the court where the cause is pending, or the appellate court, should regard the bill as presenting a case proper for hearing, a decree may be passed upon the merits

*Submitted on briefs, October 11th. Decided November 19th.*

Appeal in Chancery from Macomb Circuit.

*G. Hubbard* and *A. B. Maynard,* for complainant.

*R. P. & J. B. Eldredge,* for defendant.

CAMPBELL J.:

The bill in this case was filed to restrain the enforcement of a writ of attachment against certain lands alleged to have been conveyed to complainant by the attachment debtor, with knowledge in the defendant before the attachment was sued out. An answer was put in and replied to, and an order was made to examine witnesses in open court. The case being noticed for hearing on pleadings and proofs, the Circuit Judge refused to permit any wit-

nesses to be examined, and dismissed the bill for want of equity. The answer, in addition to meeting the facts, claimed the benefit of a demurrer upon this ground.

It is a well settled rule in equity that if the bill does not make out a proper case for relief, no relief can be granted under [any state of the pleadings. Where this objection is taken by general demurrer, no question of fact can be discussed, because the bill is, for the purpose of the hearing, taken as true. But where an answer is put in, the defendant raises issues of fact upon all matters not admitted, and either party acquires the right, if it be replied to, of introducing evidence, so that if the court where the case is pending, or the appellate court, should regard the bill as presenting a case proper for hearing, the truth of it may be determined on the hearing. The right of appeal is an absolute one, and the appellate court acts upon the case by what is equivalent to a re-hearing. If in the appellate tribunal the bill is regarded as a proper one, the parties are entitled to have a decree passed upon the merits. By refusing to admit any evidence, the Circuit Court prevents this, and leaves the case where the appellate court can not pass upon it as justice requires. Any decree, therefore, which is made before the parties have had an opportunity of introducing such proofs as they have a right to submit, has the same effect as a premature hearing, and should not be allowed to stand.

Without now deciding upon the validity of the bill, because the case was not presented in such a shape as to make it ripe for decree without proofs, we feel constrained to reverse the decree, and remit the cause to the court below to be re-heard upon pleadings and proofs. Our action is not to be regarded as affirming or settling the right of the complainant to seek relief in such a case as he has made, but simply as requiring the case to be disposed of according to the rules which are necessary to render appeals adequate to a complete disposition on the issue.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J. dissenting:

I can not concur with my brethren in the disposition of this cause. It stood in the court below noticed for hearing upon pleadings and proofs, the latter to be taken in open court. In his answer, the defendant objects to the bill upon the ground that the complainant has an adequate remedy at law; and claims for this objection the same benefit as though the bill had been demurred to. At the hearing, the Circuit Judge, after having heard the plead-ings read, arrested further proceedings until this objection in the nature of a demurrer had been considered and dis-posed of; and upon such consideration dismissed the bill. This was a *final* decree; and from such decree an appeal is taken. No objection is made by the appellant to the order of proceeding in refusing to take proofs; and for the very obvious reason that he is willing to test the question whether or not he has any standing in court, be-fore incurring the expenses of an examination of witnesses. The case is brought up, then, to test the sufficiency of the bill; and I think it is our duty to meet this question squarely, as the parties have presented it, without evasion or the suggestion of objections to the proceedings of the court below, not material to the question at issue, nor involved in the consideration of the correctness of the de-cree appealed from. There are cases, I admit, where we may see that an affirmance or reversal of a judgment or decree may be of no value, by reason of some irregular action of the Circuit Judge, and in which it may be our duty to send the cause back for further proceedings be-fore justice can be done; but this is not such a case. The broad question is now presented, of the right of the complainant to the aid of the court upon the case made by his bill. No proofs could change the question, nor vary the decree upon it. It must be met sooner or later,

for it is distinctly raised. Proofs were to be taken in open court, and the objection, although made in the answer, is preliminary in its nature, and could not be determined nor affected by the testimony which might be given.

If, after hearing the pleadings, the Circuit Judge had doubts of the sufficiency of the bill, or of the right of the complainant to the aid of a court of equity, the objection being distinctly raised in the answer, I think he was right in arresting the proceedings until such doubts were satisfied, and the question of the sufficiency of the bill determined. As the proofs were to be taken in open court, he had and should have the same discretionary power of determining the order of proceedings that he would have on a trial upon the law side of the court; and no judge who knows his duty, will consume one moment in hearing testimony upon a declaration which he knows to be worthless, and upon which no judgment can be entered for the plaintiff upon any proofs.

I can see no propriety or use in taking proofs upon an insufficient bill, or upon one which is the subject of objection, as this is, before the objection is considered and determined; thereby putting parties to the expense of taking testimony which the court knows or apprehends will be valueless, and productive only of needless expense. And I do not recognize any right in this court to refuse to review the decree of the Circuit Judge, because our discretionary views do not square with his; if such decree be final.

Parties do not litigate in the Circuit Court for the purpose of perfecting appellate rights. They assume that the action and decree of that court will be correct and conclusive; and when questions are submitted to and decided by such court, by its final judgment or decree, and that is appealed from, we must consider it, and decide upon its correctness, unless insuperable obstacles prevent. A question of practice raises no such obstacle.

HEWLETT v. SHAW.

The discretionary power of a court in directing the order of its proceedings, is very great, and can not and should not be interfered with, unless exception be taken, or imperative necessity require it.

In this case, the parties submitted, without objection, to the order of the court directing the discussion of the demurrer (and, I think, very properly); and while the complainant does not submit to the decree, he brings it here for review as though the demurrer was disconnected with an answer; and solely upon the question of law raised. Had objection been made in the court below to this course, I should still say I think the Circuit Judge acted correctly; for in my experience, I never yet discovered any benefit from hearing proofs upon pleadings which I knew were insufficient; or from postponing the question of the sufficiency of pleadings, where objection was properly made, until after the parties had been put to the expense of a full litigation.

*Decree vacated, and cause remanded.*