## SANFORD LAMB v. SARAH JEFFREY ET AL.

*Dismissal of bill on demurrer—Right to redeem from prior mortgage—Costs.*

Where issue is joined on demurrer, complainant is nevertheless entitled to put in his proofs and have the case come up on the facts.

A bill should not be dismissed on demurrer unless the defects are not amendable or the complainant declines to amend.

A second mortgagee is entitled to redeem from a prior mortgage and have the benefit of an assignment of the mortgage.

Where one who seeks to enforce a right to redeem from a prior mortgage, omits to keep good his tender in his bill, the omission, as in cases of specific performance, only raises a question of costs.

Where a second mortgagee, on seeking to redeem from a prior mortgage tendered the proper amount on demanding an assignment of the mortgage, and renewed the tender when the senior mortgagee began foreclosure proceedings, it was *held* that he was not justly chargeable with costs for omitting to keep good the tender in a bill to enforce his right to redeem.

Appeal from Calhoun. Submitted October 16. Decided October 21.

BILL TO REDEEM from prior mortgage. Complainant appeals.

*W. D. Weeks* and *A. M. Culver* for complainant. A second mortgagee has an absolute right to redeem at any time after the prior incumbrance falls due, and be subrogated to it until his own mortgage also shall be paid, *Carter v. Lewis*, 27 Mich., 242; *Johnson v. Johnson*, Walk. Ch., 331; Dixon on Subrogation, 11; and in case of foreclosure by the senior mortgagee, he can maintain a cross bill to redeem and compel an assignment of the first mortgage, *Pardee v. Van Anken*, 3 Barb., 534.

*Miner & Stace* for defendants. A bill to redeem is fatally defective if it does not offer to pay whatever may be found due, *Beekman v. Frost*, 18 Johns, 560; *Silsbee v. Smith*, 60 Barb., 372: 41 How. Pr., 418; *Hoopes v. Bailey*, 28 Miss., 328; *Goldsmith v. Osborne*, 1 Edw. Ch., 560; *Lansing v. Smith*, 1 Pars. Select Cases, 13; *Cowles v. Marble*, 37 Mich., 158; where a demurrer is sustained, complainant should ask leave to amend, setting forth the additional facts which he wishes to incorporate in his bill, (*Bank of Michigan v. Niles*, Walk. Ch., 398) as the court will not assume the existence of facts not stated, *Smith v. Austin*, 9 Mich., 465; *Manning v. Drake*, 1 Mich., 34.

COOLEY, J. Complainant filed his bill of complaint

to enforce his right to redeem a mortgage upon premises of which he claims to be a subsequent incumbrancer. The defendant Sarah Jeffrey held the prior mortgage, and he avers that he tendered her the full amount thereof and demanded an assignment, but that she, instead of acceding to the demand, proceeded to foreclose at law. An answer was filed to this bill which contained a demurrer clause, and issue was joined by replication. Complainant then noticed the case for the taking of proofs in open court, but on its being called on, the judge heard an argument as upon demurrer, and dismissed the bill.

The judge erred in this dismissal. Complainant was entitled to put in his proofs, and have the case come up on the facts. *Hewlett v. Shaw,* 9 Mich., 346. And in any case where a demurrer to the bill is sustained, the case ought not to be dismissed unless the defects are such as cannot be cured by amendment, or unless the complainant declines to amend; neither of which appears in this case.

There is no doubt of the right of a second mortgagee to redeem from the prior mortgage, and to have the benefit of an assignment. *Sager v. Tupper,* 35 Mich., 134. It is objected to the bill in this case that it does not keep good the tender, and does not offer now to pay the amount; but we think as in the case of specific performance, this could only raise a question of costs. The complainant avers, however, that he not only made a tender when he demanded an assignment, but that he again made an offer to pay when proceedings to foreclose were begun; and if he makes out his case, he could not justly be chargeable with costs.

The decree must be reversed, and the record remanded for further proceedings. If in view of this opinion either party desires to amend, the amendments should be allowed.

The other Justices concurred.