CULY v. UPHAM.

1. DEEDS—DELIVERY—CONDITIONS.

Under a recital in a deed that the grantee, as a part of the consideration, should live with and care for the grantor until his death, after which the deed should be delivered to the grantee and her title become absolute, living with and caring for the grantor was a condition precedent to its delivery.

2. SAME—STATUTE OF FRAUDS.

A verbal direction to a third party by the grantor in a deed, to deliver it to the grantee at his death, was ineffectual under the statute of frauds, where contrary to the written conditions in the deed.

3. SAME—TESTAMENTARY CHARACTER.

An intent expressed in a deed that the title shall remain in the grantor until his death, and then pass to the grantee in case he shall have performed certain conditions, makes the instrument testamentary in character, preventing its being given effect as a deed.

4. EQUITY PRACTICE—APPEAL.

Chancery cases should, as a general rule, be so tried that, in case of appeal, they may be finally disposed of.

Appeal from Gratiot; Stone, J. Submitted October 23, 1903. (Docket No. 47.) Decided December 1, 1903.

Bill by Stephen Culy and others against Hannah M. Upham to set aside a deed. The case was heard, in pursuance of a stipulation, upon pleadings. From a decree for complainants, defendant appeals. Affirmed.

*Searl & Monfort,* for complainants.

*John M. Everden* and *Julius B. Kirby* (*C. W. Giddings,* of counsel), for defendant.

CARPENTER, J. William Culy died August 27, 1901. On the 1st of the preceding June he executed a deed

of the land in controversy to his daughter, the defendant. This suit is brought by his other heirs at law to set aside said deed on the ground that the grantor, at the time of its execution, was mentally incompetent, that its execution was procured by undue influence, and that the deed was never delivered. When the case came on for hearing, the trial court was of the opinion that the recitals in the deed itself, together with the statements in the answer, proved that the title did not vest in the grantee during the grantor's life, and thereupon, without hearing any testimony, entered a decree for complainants.

The deed recited:

" The conditions of this deed are such that whereas I, the said grantor, am indebted to my said daughter, Hannah M. Upham, in the sum of one thousand dollars for her personal services to myself and also to my deceased wife, which amount is a part of the consideration above named. As a further consideration, my said daughter, Hannah M. Upham, is to live with me at my expense, and care for me, my wife being dead, so long as ·I shall live; the lands above mentioned being ample, and the income therefrom, which can only be used to maintain and support myself, my said daughter, Hannah M., and my grand-daughter, Minnie, so long as she shall remain unmarried, but no longer than until my death.

"As a further part consideration, my said daughter, Hannah M. Upham, shall pay to my other children, within three years after my death, as follows." (Then followed a statement giving to each of seven named persons the sum of $50.)

"It is expressly understood that my said daughter, Hannah M. Upham, shall live with me and care for me, that the expense thereof shall be derived from the use and income arising from said described lands, and also from any personal property I may have, and that she is to remain with me and care for me until my death, after which event this deed shall be delivered to her, and her title to said lands shall become absolute upon the payment of the several amounts above stated."

It appeared from defendant's answer that this deed, after execution, was deposited with John M. Everden, of

Ithaca, Mich., who was instructed by the grantor to deliver it to the grantee after his death; that, after the execution of the deed, the grantor informed the grantee "of what he had done, and of the contents and conditions of said deed, and stated to her that he desired to pay her for her services in caring for her mother and himself, as heretofore stated; that he did not have the money to pay her, but wished to have the matter definitely settled during his lifetime, and so had conveyed to her the said premises, on the conditions named in said deed; that he would undoubtedly require personal care and attention in his declining years, aside from the performance of household duties, and it was his desire that she should be with him and care for him so long as he might live, and give him that personal attention which he felt she alone could give; that the other conditions named in said deed were also talked over at the time, and her said father asked her if she was satisfied, if she was willing to receive her pay for the $1,000 in that way, and if she could and was willing to accept and perform the other conditions named in said deed; that she informed him that whatever was satisfactory to him would be to her; that he replied, 'Then we will leave it just as I have arranged it,' to which she answered, 'If you wish it that way, I am satisfied;'" and that, after the grantor's death, said Everden delivered the deed to the defendant.

It is affirmed by complainants, and denied by defendant, that no title would pass until the other children were paid the sums specified in the deed. In our view of the case, it is unnecessary to consider this question, for we think it appears clearly from the recital in said deed that the grantee, as a condition precedent to its delivery, was to live with the grantor and care for him until he died. If she failed to perform this condition, she would not, manifestly, under the terms of the deed itself, be entitled to its delivery.

The argument is made that as the grantor, after the execution of the deed, verbally directed that it should be de-

livered to the grantee on his death, evidence is thereby afforded of an intent to waive the performance of this condition precedent. It is a complete answer to this argument to say that this direction was merely an attempted verbal modification of the written conditions of the deed, and therefore, under the statute of frauds, entirely ineffectual.

"The purport of a deed cannot be changed by parol, and no condition or reservation contrary to its terms is valid." *Taft* v. *Taft*, 59 Mich. 185 (26 N. W. 426, 60 Am. Rep. 291).

It is quite apparent that the grantor in this deed intended that title should remain in him until after he died, and that it should then pass to defendant, if she had performed the conditions. This intent was testamentary in character, and could not be consummated by a deed.

"The authorities are all agreed that no deed can be valid without delivery by the grantor. It must be made operative by his act while he is able to act.    *    *    *    It seems well settled that any deed which is to be maintained after death must have been made operative by some valid delivery by the grantor during life." *Taft* v. *Taft*, 59 Mich. 185 (26 N. W. 426, 60 Am. Rep. 291).          :

That decision, as shown by the following quotation from the opinion, governs the case at bar:

"In the present case there was nothing which would have justified the submission to the jury of the question of the delivery of the deed of 1878. The note, which was to be executed after Aden Taft's [the grantor's] death, was to be executed as a condition precedent to the transfer of the title. It was not executed earlier in fact, and the deed was never delivered earlier. Had Aden delivered it to defendant, to become operative afterwards on the performance of some condition, it might have presented a very different appearance. But the delivery was meant to be, and was in fact, posthumous, and therefore void."

The cases of *Latham* v. *Udell*, 38 Mich. 238, *Jenkinson* v. *Brooks*, 119 Mich. 108 (77 N. W. 640), *Wallace* v. *Harris*, 32 Mich. 380, and *Hosley* v. *Holmes*, 27 Mich.

416, in which this court upheld the validity of deeds placed in the hands of third persons, to take effect upon the grantor's death, are clearly distinguishable from the case at bar.    These cases, as stated in *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264, proceed upon the theory, forbidden by the circumstances of this case, that the delivery to the third person "gives effect to the deed."

*Hitchcock* v. *Simpkins*, 99 Mich. 198 (58 N. W. 47), relied upon by defendant, is also clearly distinguishable. In that case the deed was actually delivered to the grantee, though his right to enjoy the property was, by the terms of the deed, postponed until the death of the grantor.    There was nothing whatever in the deed inconsistent with the intent that, subject to the postponement of the enjoyment, the title passed at once, and it was so held.    The reasoning in that case (see page 201) is in harmony with this opinion.

It results from these views that the decree of the court below should be affirmed.

We do not wish, by our silence, to seem to approve the procedure adopted in this case.    If we had disagreed with the trial judge on the legal proposition discussed in this opinion, we could not have made a final disposition of the case. We should have been forced to remand the record for another hearing in the court below.    As a general rule, suits at chancery should be so tried in the lower court that, when they are appealed, this court may finally dispose of the issue raised by the pleadings.

The other Justices concurred.