CROCKER *v.* CROCKER.

1. DIVORCE—CONDONATION.

Condonation, as an issue in a suit for divorce, is open to consideration only when it is found, judicially, that there is something to condone (CL 1948, § 552.41).

2. SAME—CONDONATION—CAUSE FOR DIVORCE.

Record in wife's suit for divorce *held*, insufficient to sustain decree dismissing bill for divorce on ground of implied condonation, where such determination was made before hearing or considering plaintiff's assigned causes for divorce (CL 1948, § 552.41).

3. EQUITY—APPEAL AND ERROR—FINAL DISPOSITION.

Suits at chancery should be so tried in the lower court that, when appealed, the Supreme Court may finally dispose of the issue raised by the pleadings.

4. DIVORCE—COSTS—CONDONATION—HEARING.

Costs on wife's appeal from decree dismissing her bill for divorce on ground of implied condonation are ordered to abide determination by final decree, where record fails to support decree made and cause is remanded for hearing of wife's assigned causes for divorce.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 6, 1960. (Docket No. 34, Calendar No. 48,682.) Decided December 1, 1960.

Bill by Marian Crocker against Orson C. Crocker for divorce on ground of extreme and repeated

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 224.
[2] 17 Am Jur, Divorce and Separation § 223 *et seq.*; § 373.
[3] 19 Am Jur, Equity § 384.
[4] 17 Am Jur, Divorce and Separation § 645.

cruelty. Bill dismissed on motion alleging condonation. Plaintiff appeals. Reversed and remanded.

*Patterson & Patterson and Barrett,* and *McClintock, Fulton, Donovan & Waterman,* for plaintiff.

*Leslie T. Jones,* for defendant.

PER CURIAM. This suit for divorce came to issue November 18, 1959. Continuously thereafter the parties busied themselves and the court with various pretrial and other interlocutory proceedings. January 13, 1960, defendant filed a "petition to dismiss." The petition, which as to form is a supplemental pleading (see Court Rule No 25 [1945] and CL 1948, § 614.15 [Stat Ann § 27.825]), alleges with detail that events occurring after such joinder of issue constituted an effective condonation, by the plaintiff wife, of the acts and causes upon which she seeks a divorce.

The chancellor proceeded forthwith to hear the petition and, without having heard or considered that which defendant says was condoned, entered a decree dismissing plaintiff's bill. The assigned reason for such dismissal was "that the circumstances in this case constitute an implied condonation of the misconduct charged to the defendant in said plaintiff's bill of complaint."

We look with disfavor on the practice of hearing and deciding, in a divorce case, the issue of condonation without precedent hearing and consideration of such testimony as may be required to appraise and decide the originally pleaded issues. When condonation is placed in issue, that issue is open to consideration only when it is found, judicially, that there is something to condone.* And when the chan-

---

* As to the elements of condonation, see CL 1948, § 552.41, subpar 2 (Stat Ann 1957 Rev § 25.117, subpar 2), and 17 Am Jur, Divorce and Separation, § 224.

cellor proceeds to decide such an issue, before he has decided on proof that there is due cause for divorce, he is not equipped properly to judge it. That which might effect condonation in a case of sketchily proven acts and causes for divorce might be totally ineffective as proving condonation where the acts and causes are found to be gross or repetitive, or gross and repetitive.

Here, without intending to indicate disagreement with the chancellor's factual conclusions upon the limited testimony as taken, we note plaintiff's vehement denials of the acts of condonation as charged and the not too savory methods defendant employed in obtaining corroboration of such charges. Noting these facts, it is ruled that the present limited record insufficiently supports the present decree.

There is another reason for our determination to reverse and remand. When chancery cases are brought to this Court, the testimonial record should be in such comprehensive shape as to permit decision here, *de novo,* of all issues necessary to effectuation of equity's ultimate purpose, that of complete and final grant or denial of relief as the nature of the fully assembled case may require. In the present instance, there having been no testimonial exploration and consideration of plaintiff's assigned causes for divorce, we find ourselves unable to determine properly the equity of the case and refer again to what was said by way of conclusion in *Culy* v. *Upham,* 135 Mich 131, 135 (106 Am St Rep 388):

"We do not wish, by our silence, to seem to approve the procedure adopted in this case. If we had disagreed with the trial judge on the legal proposition discussed in this opinion, we could not have made a final disposition of the case. We should have been forced to remand the record for another hearing in the court below. As a general rule, suits at chancery should be so tried in the lower court that, when they

are appealed, this court may finally dispose of the issue raised by the pleadings."

Reversed and remanded for further proceedings in accordance with this opinion. Costs will abide determination by final decree.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

SOURIS, J., did not sit.