KENNY *v.* VILLAGE OF NOVI.

1. APPEAL AND ERROR—CHANCERY CASES—RECORD.
   The testimonial record of a chancery case that is appealed to the Supreme Court should be in such comprehensive shape as to permit decision on review, *de novo,* of all issues necessary to effectuation of complete and final grant or denial of relief as the nature of the fully assembled case may require.

2. SAME—REMAND FOR FINAL DETERMINATION.
   Suit attacking certain village regulations is ordered remanded to trial court with jurisdiction to permit final determination by

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error §§ 570, 814.
[2] 3 Am Jur, Appeal and Error §§ 1210, 1211.

the trial court in the matter so that such court may, with additional testimony or stipulated additional facts, consider and determine presented issues as possibly affected by post-appeal events and recertification to the Supreme Court for submission and determination of such questions as may then be made to appear.

Appeal from Oakland; Holland (H. Russel), J. Submitted June 13, 1962. (Docket No. 46, Calendar No. 48,744.) Decided July 2, 1962.

Bill by Daniel Kenny, Sylvia Kenny, Leo G. Russell, Margaret Russell, and Wayne Disposal, Inc., a Michigan corporation, against the Village of Novi, a municipal corporation, to invalidate regulatory ordinance or, in alternative, to secure for corporate plaintiff a license to operate sanitary landfill. Decree for plaintiffs. Subsequent intervention by various property owners and Novi Protective Association. On rehearing amended decree entered without provision for retention of jurisdiction. Plaintiffs appeal. Defendant and intervenors cross-appeal. Remanded under court rule for further proceedings.

*Wechsler & Starr* (*I. R. Starr,* of counsel), for plaintiffs.

*Bond & Dillon,* for defendant.

*Lampert, Fried & Kanner,* for intervening defendants.

PER CURIAM. Relying upon the general rule of *Culy* v. *Upham,* 135 Mich 131, 135 (106 Am St Rep 388),[*] we said recently (*Crocker* v. *Crocker,* 362 Mich 6, 8):

---

[*] "As a general rule, suits at chancery should be so tried in the lower court that, when they are appealed, this Court may finally dispose of the issue raised by the pleadings."

"When chancery cases are brought to this Court, the testimonial record should be in such comprehensive shape as to permit decision here, *de novo,* of all issues necessary to effectuation of equity's ultimate purpose, that of complete and final grant or denial of relief as the nature of the fully assembled case may require."

In this briefed and submitted chancery case, wherein plaintiffs attack certain ordained regulations of the defendant village, it is disclosed that the chancellor, following due hearing, entered a decree granting plaintiffs relief as prayed under and in accordance with specific defendant-protective requirements and declared retention of jurisdiction for the purpose of enforcing such requirements. The decree was entered, we assume, mindful of the procedural precepts which, some 4 years ago, were recommended for like cases in *Certain-teed Products Corp.* v. *Paris Township,* 351 Mich 434, 466–473.

The decree was entered November 18, 1959. Following intervention and application for rehearing an "amended" decree was entered (March 28, 1960) providing that the council of the defendant village "should proceed to consider and act upon the plaintiffs' application for license in like manner as though the village board of appeals had approved the application [of the plaintiff corporation] for a permit." Further, and in the same decree, the following informative reference appears:

"That for the purpose of indicating the intent of the court, or explanatory hereof, reference is hereby made to the court's opinion filed herein dated November 9, 1959, and as amended on March 11, 1960."*

The council, following entry of the amended decree, denied plaintiffs' previously denied applica-

_____

* The opinion of November 9, 1959, was the opinion upon which the first decree was entered. The opinion of March 11, 1960, was the opinion which authorized the second or "amended" decree.

tion for permit. Such denial did not take place, however, until jurisdiction of the cause had passed to this Court by plaintiffs' claim of appeal, filed April 13, 1960, from the amended decree.

We find, foregoing matters considered, that the chancellor has not as yet determined the issuable validity of the council's final denial to plaintiffs of permit as applied for and that the cause should in consequence be continued and remanded for further proceedings pursuant to Court Rule No 72, § 1 (1945). He noted, when plaintiffs applied to him for relief from the council's post-appeal denial of their application, that jurisdiction had passed on.

The original record with jurisdiction of the cause is returned to the circuit court in order that the chancellor may, upon additional testimony or stipulated additional facts, consider and determine the presented issues as possibly affected by post-appeal events. Upon such remand the chancellor will consider the original and supplemented record and thereupon will cause to be entered a new decree which, with or without declared retention of jurisdiction, will adequately fulfill the indicated requirements of this order. Thereupon the complete record may be recertified to this Court for submission and determination of such questions as may then be made to appear. Whether the preparation and printing of supplemental appendices and briefs becomes necessary may be determined on motion following such certification.

CARR, C. J. and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.