MORRIS *v.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

1. APPEAL AND ERROR—PLEADING—MOTION TO DISMISS.
   Well-pleaded allegations in a bill of complaint and inferences drawn therefrom must be taken as true and construed in a light most favorable to plaintiff on appeal from order granting defendants' motion to dismiss.

2. FRAUD—INSURANCE—PLEADING—STATUTORY PRESUMPTIONS.
   Bill against insurers and beneficiaries under plaintiff's late husband's life insurance policies to obtain proceeds and cash values of the policies in order to pay income taxes of the husband

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 852.
[3] 24 Am Jur, Fraud and Deceit §§ 243, 256.

for which she had incurred joint liability, which, failed to allege that premium payments by the husband were made with intent to defraud creditors failed to state a cause of action against such defendants who were not liable for the taxes, notwithstanding pertinent statute raises a rebuttable presumption of intent to defraud creditors upon proof of such payment of premiums while a debt or claim existed (CLS 1956, § 500.2207).

3. SAME—INFERENCES—PLEADING.
Fraud must be alleged and proven at the trial as a court may not infer it.

4. SAME—PLEADING—TAXATION.
Plaintiff widow who failed to allege that she incurred liability for income taxes as a result of fraudulent representations by her late husband in her suit for contributions by beneficiaries under policies of life insurance on which he had paid premiums while liable for large income taxes failed to state a cause of action against such defendants who were not liable for the taxes (CLS 1956, § 500.2207).

5. PLEADING—AMENDMENT.
Opportunity to amend bill of complaint so as to state a cause of action against defendants to secure contributions toward income taxes to which she became subject upon her husband's death after he had paid premiums on life insurance policies in which defendants were beneficiaries is not afforded plaintiff, where she had amended declaration once and did not avail herself of opportunity to do so on other occasions afforded by the trial court (CL 1948, § 650.18; Court Rule No 72, § 1 [1945]).

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 17, 1961. (Docket No. 82, Calendar No. 49,317.) Decided October 3, 1962. Rehearing denied November 5, 1962.

Bill by Marie K. Morris against Massachusetts Mutual Life Insurance Company, a Massachusetts corporation, Northwestern Mutual Life Insurance Company, a Wisconsin corporation, Henry C. Morris, individually and as executor of the estate of George Fred Morris, deceased, Verna D. Morris and Fred W. Morris, to obtain proceeds and cash values of insur-

ance policies for payment of income taxes of deceased husband for which she had incurred joint liability. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Thomas L. Poindexter,* for plaintiff.

*McCauley & Anderson,* for defendants Morris.

KAVANAGH, J. This case, assigned to me on June 4, 1962, is an appeal by plaintiff from the granting of a motion to dismiss her amended bill of complaint for failure to state a cause of action.

Plaintiff is the widow of George Fred Morris, deceased. Defendants Henry C. Morris and Fred W. Morris are the sons of the deceased and defendant Verna D. Morris is the mother of the deceased. In her amended bill of complaint plaintiff seeks contribution from the defendants to pay Federal income taxes assessed against her and her deceased husband for the years 1956, 1957, and 1958 in which they filed joint returns. During these years plaintiff had no personal income. She claims she signed the returns on her husband's assurance and with the understanding that said returns contained a full and complete disclosure of all income and liability for such income taxes, and further that her husband would pay such taxes when due with funds then available for such purpose.

The amount of the unpaid assessments against the plaintiff and her husband in connection with the joint returns is in excess of $80,000. There are additional unpaid assessments for subsequent years against the decedent for which the plaintiff is not liable, not having joined in the returns.

Plaintiff does not claim to have paid any portion of the taxes assessed against her. She bases her claim on the fact her deceased husband paid prem-

iums on policies of life insurance in which she and the individual defendants, her husband's estate and his former wife were named as beneficiaries.

The internal revenue department served notice of tax liens on defendant insurance companies prior to her husband's death and gave notice of levy against the proceeds of the policies payable to the individual defendants to the extent of the cash values.

Plaintiff alleges she is willing to do equity by applying the proceeds of the policies in which she is named as beneficiary and her equity in her home to the pro rata payment of the Federal tax liens. She complains that the individual defendants are attempting to secure the full proceeds of the respective policies free and clear while leaving the tax debts to be paid by plaintiff. Plaintiff further alleges she fears the defendant insurance companies will pay over the balance of the proceeds of the policies to the defendants unless they are enjoined from doing so.

Defendants filed a motion to dismiss alleging the amended bill of complaint failed to state a cause of action.

The trial court in a written opinion granted the motion to dismiss, holding that the amended bill of complaint did not satisfy the requirements for equitable contributions since the defendants were not personally liable for the taxes, and further holding that the bill did not state a cause of action to recover premiums paid with intent to defraud creditors.

Plaintiff appeals from the order granting the motion to dismiss the bill and dissolving the injunction enjoining payment of the proceeds by the defendant insurance companies.

We consider the following questions on this appeal:

1. Does the complaint state a cause of action against defendants which would permit equitable contribution and marshaling of assets?

2. Were the premiums paid by the deceased a fraud on creditors and hence recoverable?

We shall first answer the second question. Plaintiff relies, with reference to this question, upon section 2207 of the insurance code of 1956 (CLS 1956, § 500.2207 [Stat Ann 1957 Rev § 24.12207]), which reads in pertinent part as follows:

"Provided, That, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy: Provided further, That proof that such transfer was made and a particular debt or claim existed at the time of such transfer shall be prima facie evidence of intent to defraud said creditor as to said debt or claim; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice at its home office, by or in behalf of a creditor of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

The trial court in its opinion granting the motion to dismiss said:

"The complaint does not allege that such premium payments were made 'with intent to defraud creditors.' * * * The lack of such an allegation is a fatal defect if this action was intended as an action under the statute to recover premiums paid in fraud of creditors. The rebuttal [rebuttable?] presumption raised by the statute does not obviate the necessity of such an allegation. The prayer of the bill is for equitable contribution in proportion to the proceeds of the policies and is not to recover premiums paid. * * *

"The complaint does not satisfy the requirements for equitable contribution nor does it state a cause of action to recover premiums paid in fraud of credi-

tors and it, therefore, must be dismissed and the injunction heretofore issued must be dissolved."

The amended bill of complaint was dismissed on motion. On appeal, well-pleaded allegations in a bill of complaint and inferences drawn therefrom must be taken as true and construed in a light most favorable to the plaintiff. *Society of Good Neighbors* v. *Mayor of Detroit*, 324 Mich 22; *Sommers* v. *City of Flint*, 355 Mich 655; *Gross* v. *Morosky*, 366 Mich 114.

It is apparent the trial court in stating in its opinion:

"The bill does not allege what, if any, net sums, after deducting loans and dividends, were paid as premiums by the decedent on policies payable to the individual defendants subsequent to that time. Upon argument of this cause, counsel for the defendants asserted that the amount of premiums paid during that period was less than the increases in the cash value for the corresponding period, all of which was withdrawn as loans by the decedent,"

was determining factual questions and matters which ordinarily would be submitted in proof on the trial of the case.

If the bill alleged actionable fraud, equity would be quick to accept jurisdiction and order full testimonial hearing, but no such specific allegation appears in the amended bill of complaint. The plaintiff does not allege that premium payments by the deceased were made "with intent to defraud creditors."

While it is true that the statute* provides in part as follows:

"Proof that such transfer was made and a particular debt or claim existed at the time of such transfer shall be prima facie evidence of intent to defraud said creditor as to said debt or claim,"

---

* CLS 1956, § 500.2207 (Stat Ann 1957 Rev § 24.12207).

the lack of such an allegation in the amended bill of complaint could not withstand the motion to dismiss. Taking the other facts alleged into consideration, it would appear that plaintiff might well have amended her bill of complaint to make such an allegation. The record does not disclose a motion on her part to do so.

Neither the trial court nor this Court can infer fraud. It must be alleged to withstand the motion to dismiss and it must be proven at time of trial. If the bill of complaint did contain an allegation that the premiums were paid "with intent to defraud creditors," it unquestionably would then state a cause of action which would withstand a motion to dismiss.

With reference to the first question, the amended bill of complaint is not sufficiently definite to indicate the plaintiff is claiming she signed the tax returns as a result of fraudulent representations of the deceased. Her representations in the amended bill of complaint were that she signed such returns on the assurance of her husband (the deceased), and with the understanding, that said returns contained a full and complete disclosure of all income and liability for such income taxes, and further that the deceased would pay such taxes when due with funds then available for such purpose. If plaintiff claims to have been induced to sign the income tax returns by these representations, and if she claims these acts were fraudulent and designed to induce her to sign the tax returns, and that she did sign them as a result of this fraudulent inducement, the amended bill ought to so state in order to allege a cause of action.

Under the statute dealing with chancery appeals (CL 1948, § 650.18 [Stat Ann 1943 Rev § 27.2608]) and Michigan Court Rule No 72, § 1, subparagraph (a) (1945), this Court would have authority to permit plaintiff to amend her bill of complaint within

such time as we might prescribe. However, in view of the fact plaintiff was given an opportunity to, and on one occasion did, amend her bill of complaint, and subsequently the suggestion was made several times by the trial judge that she might again amend so as to be able to state a cause of action, and she refused to do so, we do not believe we should now exercise our discretion and give her another opportunity.

The order of the lower court dismissing the bill of complaint is affirmed. Defendants shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.