## KENT v. BELL.

SPECIFIC PERFORMANCE—SUFFICIENCY OF BILL—ORAL CONTRACT BY
EX-WIFE TO LEAVE PROPERTY BY WILL—AMENDMENT.

Bill for specific performance of alleged oral contract to leave
plaintiff property by will was properly found not to have stated
a cause of action for such relief, where it failed to fix the
date of the contract, failed to aver what particular work plain-
tiff did perform during the period of about 6–1/2 years, failed
to allege he was not paid anything or why any, even a nominal,
charge was made, failed to allege when will probated was
executed, failed to allege deceased had represented to him
that she had executed a will leaving him the property, failed
to allege that a close or intimate relationship between the
parties existed at any time following their divorce some 3
years prior to when plaintiff claims he undertook to keep the
premises in repair and maintain them, and no claim is made
that he gave up other employment, changed his regular vocation
or place of residence or was otherwise injured, but cause is
remanded with leave to amend pursuant to statute (CL 1948,
§ 650.18).

CARR, C. J., and DETHMERS and KELLY, JJ., dissenting in part.

Appeal from Oakland; Holland (H. Russel), J.
Submitted October 4, 1962. (Docket No. 29, Calen-
dar No. 49,625.) Decided December 4, 1962.

Bill by John E. Kent against James K. Bell and
Edward P. Barrett, executor of the estate of Aileen
Kent, deceased, for specific performance of agree-
ment to make a will. Bill dismissed on motion.
Plaintiff appeals. Affirmed, and remanded with
leave to amend.

REFERENCES FOR POINTS IN HEADNOTE
57 Am Jur, Wills §§ 192 et seq., 206.

*Milton F. Cooney,* for plaintiff.

*Patterson & Patterson and Barrett* (*Goodloe H. Rogers,* of counsel), for defendant Barrett, executor.

CARR, C. J. (*dissenting*). Plaintiff in this case brought suit in the circuit court of Oakland county seeking the specific enforcement of an alleged verbal contract claimed to have been made by him with Aileen Kent, his former wife. The bill of complaint alleged that for many years prior to November 24, 1950, plaintiff and Mrs. Kent were husband and wife, that during their marriage they became the owners of a home in the city of Pontiac, and that, in divorce proceedings, pursuant to a property settlement agreement plaintiff released and surrendered his interest in said property to Mrs. Kent.

Plaintiff's claims with reference to the basis of his suit for the equitable relief sought are set forth in the following 5 paragraphs of the bill of complaint:

"5. That on or about November 17, 1953, the said Aileen Kent requested the plaintiff, John E. Kent, her former husband, to perform certain work, and supervise the performance of certain labor on the buildings on the premises, and the premises above described. That from the date of said first work, until the death of the said Aileen Kent, the said plaintiff, John E. Kent, was under contract with said Aileen Kent for maintenance and repair of said building and premises, from time to time.

"6. That between November 17, 1953, and the date of the death of the said Aileen Kent, to-wit: May 16, 1960, the said Aileen Kent was absent from the State of Michigan on several and numerous occasions, for long periods of time, during which time, she contracted with and made a contract with the plaintiff, John E. Kent, to maintain, care for and supervise the maintenance of said premises and buildings thereon.

"7. That between November 17, 1953, or thereabouts, and on or about April, 1959, negotiations took place between John E. Kent, plaintiff herein, and Aileen Kent, now deceased, by the terms of which John E. Kent contracted to perform such services as above referred to for a nominal charge, and Aileen Kent in consideration of said services rendered and to be rendered, agreed and contracted to make a will, by the terms of which she would convey, transfer, devise and give to John E. Kent, the premises above described, together with the contents thereof which were contents at the time of the divorce between the parties.

"8. That the said John E. Kent, plaintiff herein, pursuant to the terms of said contract, from said November 17, 1953, and the date of the specific contract, until the date of death of the said Aileen Kent, did care for, maintain and at all times perform his part of the contract so made to be performed by him.

"9. That the last will and testament, so alleged, has been offered for probate in the Oakland county probate court at Pontiac, Michigan, and allowed, and by its terms the said Aileen Kent failed, neglected and omitted the performance of the contract to make a will above outlined."

Defendant Barrett, as executor of the estate of Mrs. Kent, filed motion to dismiss the bill on the ground that it failed to state a cause of action entitling plaintiff to the relief sought, and further asserted that, if the pleading be considered as stating a cause of action, plaintiff had a complete and adequate remedy at law. Following hearing in circuit court the motion to dismiss was granted, the circuit judge in a written opinion filed in the cause stating his reasons for said action as follows:

"(a) It is obvious from the language in the bill of complaint, dealing with the claimed services rendered, that the same can be determined by pecuniary standards. There is nothing extraordinary, unusual,

personal, unique or anything else about the efforts of a man 'to maintain, care for and supervise the maintenance of said premises and building thereon'. The property supervised and maintained consisted of a single lot, No. 299, with a single residence thereon. The value of the claimed services would be simply the days or hours involved times the going rate for such everyday and comparable services. The plaintiff's claimed services can be determined by a pecuniary standard and therefore there is an adequate remedy at law. Since there is an adequate remedy at law, a court of equity will not decree specific performance of a contract to execute a will to devise realty in consideration of services rendered.

"(b) There is no allegation in plaintiff's bill of complaint of a close, intimate or filial relationship existing between the parties. There were no improvements made in the property in reliance upon the alleged contract."

The conclusions reached by the trial court were supported by references to prior decisions recognizing and applying the principles deemed to be controlling in cases of this nature. From the order of dismissal plaintiff has appealed, asserting in substance that the trial judge was in error in holding that the facts set forth in the bill of complaint were insufficient to constitute a cause of action for specific performance. The bill of complaint having been dismissed on motion, the rule must necessarily be applied in determining the sufficiency of the pleading that factual averments therein must be accepted as true. The general rule in this respect has been repeatedly recognized and applied by this Court. Mere conclusions of the pleader may not be placed in the same category with averments of facts. *Plassey* v. *S. Loewenstein & Son,* 330 Mich 525, 528.

It will be noted that plaintiff in setting forth his alleged cause of action did not fix the date on which, according to his claim, a definite contract had been

entered into between himself and his former wife.
It is stated that negotiations took place between No-
vember 17, 1953, or thereabouts, and April, 1959,
in accordance with which he "contracted to perform
such services as above referred to for a nominal
charge" and that Mrs. Kent contracted to make a
will by which ownership of the real estate and per-
sonal property referred to would be given to him.
Plaintiff averred that he "did care for, maintain
and at all times perform his part of the contract."
What particular work he performed during the pe-
riod in question was not set forth in the pleading.
What maintenance and repair became necessary was
not averred. Neither does it appear that plaintiff
was not paid for any of the work that he did during
the period in question. Paragraph 7 of the pleading
refers to the performance of services for a "nominal
charge." There is no explanation as to why any
charge was made if plaintiff rendered his services
under a contract of the nature claimed by him.

There was no allegation in the bill of complaint
as to the time when the will of Mrs. Kent, which
was admitted to probate, was executed. It may
have antedated the negotiations which plaintiff says
took place. There was no claim that at any time
Mrs. Kent represented to plaintiff that she had exe-
cuted a will leaving him the property. As pointed
out by the trial judge in his opinion, there was no
allegation in the bill of complaint to the effect that a
close or intimate relationship between the parties
existed at any time following the granting of the
decree of divorce.

The contract claimed by plaintiff involved the
transfer of title to real estate. To such contracts
generally the statute of frauds* applies in the ab-

---

* CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).

sence of estoppel to raise the question. In *Lyle* v. *Munson,* 213 Mich 250, 260, it was said:

"Part performance, while an essential in the test, does not in itself comprehend the whole doctrine of equitable relief in this class of cases. Misleading, fraudulent conduct by act or acquiescence is the underlying thought which moves the chancery court under the principle of equitable estoppel to deny resort to the statute of frauds as an instrument of fraud. The question is not alone one of part performance, but as said in *Meach* v. *Perry,* 1 Chip (Vt) 182 (6 Am Dec 719):

" 'Does the part performance, with the attending circumstances, make a case of fraud, against which a court of equity ought to relieve?' "

Said statement was quoted with approval in *Daugherty* v. *Poppen,* 316 Mich 430, 441, and also in *Adado* v. *Assid,* 332 Mich 628, 633. It does not appear from the bill of complaint in the case at bar that plaintiff was relying on any claim of fraud on the part of Mrs. Kent. Rather, he relied on his claim that a contract was made that he performed but that she did not.

The services that the plaintiff claimed to have performed under his agreement with Mrs. Kent were not of a personal nature. They did not involve her care or support. Rather, they were limited to looking after certain property. Neither is it asserted that as a result of the rendition of such services plaintiff was prejudiced. No claim was made that he was forced to give up other employment or to change his regular vocation or place of residence. There was nothing in the pleading to indicate the length of time that he claimed to have devoted to repairing and maintaining the property, or the nature of his labors in that respect. It clearly appears that the services claimed to have been performed were of such character as to render pecuniary compensation an adequate remedy. No claim was asserted that plain-

tiff made improvements to the property at his own expense.

In reaching his conclusions the trial court relied on the decision in *Blackwell* v. *Keys,* 353 Mich 212, in which the decree of the trial court denying specific performance of an alleged oral agreement to make a will was affirmed. Reference was made in the opinion to the case of *Andrews* v. *Aikens,* 44 Idaho 797 (260 P 423). That opinion also appears in 69 ALR 8, where it is followed by an extended annotation (69 ALR 14). It was there held that (p 804):

"Performance of services of such a character that their value cannot be estimated by a pecuniary standard is required to permit a decree of specific performance."

In reversing a judgment of the trial court in effect granting plaintiff the remedy of specific performance of an oral agreement that he claimed to have fully performed, it was said (pp 805, 806):

"In practically all the cases where specific performance was decreed, the contracts called for the performance of duties of a filial and intimate personal nature, the value of which could not be estimated. This, of course, presents an entirely different question, and such authorities are not in point in this case. Here the deceased or promisor was not to live in the family of the respondent, and no close, intimate, or filial relationship was to exist. The contract simply required respondent to look after the business of the deceased. He was to handle the farms and various properties, receive and disburse moneys, and in general act as the business adviser and assistant of the owner. He was required to render no service that an ordinary real-estate agent or factor could not and does not perform for his clients. This was not a contract for the personal care of an aged person, where great patience with his infirmities was required, contemplating not only food, medicine, and clothing, but good temper, for-

bearance, and honest effort to please, and an intimate family relationship; but was simply a business arrangement for the management and care of the property of the deceased."

Attention is called by counsel for appellant to *Applebaum* v. *Wechsler*, 350 Mich 636, and *Betterly* v. *Granger*, 350 Mich 651. In each of these cases the agreement relied on involved the rendition of personal care and attention, and in *Betterly* the plaintiff changed his residence and worked the farm of the alleged promisor for several years, foregoing opportunities that were open to him had he not changed the pattern of his life. In other cases in which the court has decreed specific performance like questions were involved with reference to rendition of personal services and the existence of an intimate or filial relationship between the parties. The situation that plaintiff has presented in his pleading does not bring this case within the purview of the general rule deemed controlling in prior decisions in which the relief sought was granted. The circuit judge was correct in holding that the services claimed to have been performed by plaintiff with reference to Mrs. Kent's property were of such character as to render pecuniary compensation therefor adequate. The services rendered were not of a personal nature, and no claim is asserted with reference to a close or intimate relationship between the parties at the time of the making of the alleged agreement. On the basis of the facts alleged, the bill of complaint did not set forth a cause of action justifying the granting of the equitable relief sought.

The order of the trial court dismissing the bill of complaint is affirmed, with costs to appellee executor of the estate of Aileen Kent.

DETHMERS and KELLY, JJ., concurred with CARR, C. J.

BLACK, J. (*concurring in part*). The general rule is that equity cases should be so tried that, if appealed, they may come to this Court for final disposition on a complete and comprehensive record. *Culy v. Upham,* 135 Mich 131 (106 Am St Rep 388); *Crocker v. Crocker,* 362 Mich 6; *Kenny v. Village of Novi,* 367 Mich 75; *Lamb v. Jeffrey,* 41 Mich 719. The principal reason, of course, is that we hear and determine equity cases anew. Further, and as said in *Lamb v. Jeffrey* at 721:

"The judge erred in this dismissal. Complainant was entitled to put in his proofs, and have the case come up on the facts. *Hewlett v. Shaw,* 9 Mich 346. And in any case where a demurrer to the bill is sustained, the case ought not to be dismissed unless the defects are such as cannot be cured by amend-ment, or unless the complainant declines to amend; neither of which appears in this case."

Plaintiff, pleading no matter of evidence distinguished from conclusions of fact (this he is told to do by Court Rule No 17, § 2 [1945]), is "entitled to put in his proofs." We should accord him that right rather than encourage more of today's modishly mechanical style of justice, rendered as that usually is upon hypercritical examination of pleadings rather than the seen and heard word of witnesses testifying before the designated trier or triers of fact. Sure, it is easier and more convenient—below and here—to get rid of cases summarily upon motion and affidavit; or motion alone. But that hardly justifies denial of right to a real day in court or, in lieu thereof, fair opportunity of amendment.

It is proposed now that this plaintiff be tossed out of court, upon motion and with final prejudice, without affording him the right to which the statute (CL 1948, § 650.18 [Stat Ann 1943 Rev § 27.2608]) supposedly guarantees for one whose bill of complaint

is found insufficient. And this is not a case (see *Morris* v. *Massachusetts Mutual Life Ins. Co.,* 368 Mich 172) where previous opportunities of suggested amendment have gone unheeded. It is one where, as in *Lamb, supra,* the plaintiff has not as yet "declined to amend."

This is not a case where some legal or jurisdictional bar to assumption of equity jurisdiction is apparent on face of the bill. It is, in plain sum, a case of allegation that plaintiff should have pleaded his evidence in specific detail on penalty of final dismissal. Thus if a plaintiff pleads too much evidence he is supposed to be due for castigation. If he pleads too little evidence, the trap of dismissal allegedly snaps shut. Either way, if we affirm, another statistic is comfortably added to the list headed "cases disposed of."

I would reverse and remand for entry of order denying defendants' motion to dismiss or, in the alternative, affirm with leave to amend (see *Melvin* v. *Reading,* 346 Mich 348, 356, 357).

KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred with BLACK, J.

ADAMS, J. I concur with Mr. Justice BLACK's alternative suggestion that the order of the trial court dismissing the bill of complaint should be affirmed but that the case be remanded to the trial court with leave to amend in accordance with CL 1948, § 650.18 (Stat Ann 1943 Rev § 27.2608).

BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred with ADAMS, J.