KENT *v.* BELL.

1. Specific Performance—Land Contract.
  Land is presumed to have a peculiar value, and a contract to convey it is subject to specific performance.

2. Same—Contract as to Unique Property—Sentimental Value.
  Specific performance will be decreed and a contract enforced in regard to property which has a peculiar and unique value, over and above its pecuniary or intrinsic value, or a sentimental value to the party seeking enforcement.

3. Same—Consideration—Contract to Devise Residence.
  What plaintiff ex-husband did in addition to his actual hours of labor in maintaining, repairing, supervising, and caring for what had been the residence of the parties during their marriage might be the consideration for specific performance of the ex-wife's alleged agreement to devise the property to him by will, since the responsibilities of managing the house may have involved services she could not procure in the open market.

4. Equity—Remedies.
  Equitable remedies are flexible.

---

References for Points in Headnotes
[1] 49 Am Jur, Specific Performance § 92.
[2] 49 Am Jur, Specific Performance § 127.
[3, 9] 57 Am Jur, Wills §§ 172, 196, 199, 202.
  Remedies for breach of decedent's agreement to devise, bequeath, or leave property as compensation for services. 69 ALR 14, 106 ALR 742.
[4] 19 Am Jur, Equity § 123.
[5] 49 Am Jur, Specific Performance § 21.
[6] 49 Am Jur, Statute of Frauds §§ 578, 579, 585.
[7] 49 Am Jur, Statute of Frauds §§ 419, 421.
  Doctrine of past performance in suits for specific performance of parol contract to convey real property. 101 ALR 923.
[8] 49 Am Jur, Statute of Frauds § 578.
[9] Remedies for breach of decedent's agreement to devise, bequeath, or leave property as compensation for service. 69 ALR 14, 106 ALR 742.

5. SPECIFIC PERFORMANCE—FULL PERFORMANCE OF ORAL LAND CONTRACT.

Full performance by a plaintiff of a contract involving land may suffice to grant equitable relief of specific performance thereof, even though it be an oral contract.

6. SAME—ORAL CONTRACT TO DEVISE LANDS—STATUTE OF FRAUDS.

Misleading or fraudulent conduct, by act or acquiescence, underlies a chancery court's denial of resort to the statute of frauds in a case involving specific performance of an alleged oral contract to devise land by will, the fraud in such instances being characterized as *virtual, quasi,* or *constructive,* not necessarily a deliberate and conscious deceit (CL 1948, § 566.108).

7. FRAUDS, STATUTE OF—PERFORMANCE BY ONE PARTY—EQUITY.

If one party to an oral contract, in reliance thereupon, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract by interposing the statute of frauds, equity will regard the contract as removed from the operation of the statute (CL 1948, § 566.108).

8. SAME—OPERATION.

The statute of frauds exists in the law for the purpose of preventing fraud or the opportunity for fraud, not as an instrumentality to be used in aid of fraud or as a stumbling block in the path of justice (CL 1948, § 566.108).

9. SPECIFIC PERFORMANCE—ORAL CONTRACT TO DEVISE PROPERTY BY WILL—RECORD ON REMAND.

Order dismissing plaintiff's amended bill of complaint for specific performance of alleged oral contract with his former wife to devise real estate to him for services he had rendered in repairing and maintaining home is reversed for submission of proof on question as to whether plaintiff's services were of a personal nature and for the making of such a complete and comprehensive record as to permit final disposition in the event either party deems it necessary to appeal (CL 1948, § 566.108).

DETHMERS, KELLY, and O'HARA, JJ., dissenting.

Appeal from Oakland; Beer (William John), J. Submitted October 8, 1964. (Calendar No. 24, Docket No. 50,470.) Decided February 2, 1965.

Bill by John E. Kent against James K. Bell and Edward P. Barrett, executor of the estate of Aileen Kent, deceased, for specific performance of agreement to make a will. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Milton F. Cooney,* for plaintiff.

*Patterson & Patterson and Barrett (Goodloe H. Rogers,* of counsel), for defendant Barrett, executor.

KELLY, J. (*dissenting*). For the second time this Court is asked to review the trial court's dismissal of plaintiff's bill of complaint. Plaintiff's original bill of complaint and our reasons why it failed to state a cause of action are fully set forth in *Kent v. Bell,* 368 Mich 443.

After remand, with right to amend, plaintiff filed his amended complaint and, in his present brief, outlines the facts set forth in the amended complaint as follows:

"Plaintiff bought a lot before marriage, then caused to be drafted a plan of construction for a home on the lot; this home was constructed under the supervision of the plaintiff as the marital home of the plaintiff and decedent, who were married about the time of the construction. The parties lived in this home until the time of the settlement agreement in their divorce action. During this period, the plaintiff made repairs, alterations, improvements and additions to the home. The house was referred to by the decedent and plaintiff's friends as his (plaintiff's) 'baby'. It was awarded to deceased wife by a property settlement agreement in the divorce action.

"After the divorce, decedent inherited, and otherwise acquired substantial wealth, then did extensive traveling.

"After some effort to care for and maintain the home, through the use of tradesmen, the decedent, requested the plaintiff to take over the assignment and entered into the contract sought to be enforced in this action.

"In paragraph 13 of the complaint it is alleged:

" 'That the parties thereupon agreed that the house was not to be sold, without the consent of both parties; that it was not to be occupied except by one or the other; that if Aileen Kent elected not to retain the house, she would negotiate a sale thereof to John E. Kent, and in the event she died, she would provide by will that such house and its contents were to be willed to John E. Kent in consideration for repairs, maintenance and upkeep of the house, from then on until the termination of the contract by the parties, by death or otherwise, and that all costs for such were to be paid by Aileen Kent, including a reasonable amount for actual hours of labor performed by John E. Kent in person, in the processing of the contract.'

"Aileen Kent was violently killed by her brother, James K. Bell.

"John E. Kent, the plaintiff, performed all of his duties under the terms of the contract, fully and completely from the date of the agreement to the date of the untimely death of the decedent. The decedent failed and neglected to perform her part of the contract providing that she will the premises on death to the plaintiff herein."

Defendant filed a motion to dismiss plaintiff's amended complaint, for the following reasons:

"1. That the alleged contract therein is void under the statute of frauds.*

"2. That assuming, without admitting, that plaintiff herein could establish a contract between the parties, that he has a complete and adequate remedy at law.

---

* See CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).—REPORTER.

"3. That all the necessary elements to a contract are not set forth in the amended complaint."

The trial court granted defendant's motion to dismiss plaintiff's amended complaint, stating:

"I am satisfied that the motion to dismiss is well taken, and the motion to dismiss is granted specifically because I believe that the statute of frauds here applies."

Again, in this amended complaint, as in the original bill of complaint, plaintiff failed to allege a cause of action that would warrant specific performance of an alleged oral contract to devise real estate for services rendered.

For reasons and citations to support this conclusion see our previous opinion, *Kent* v. *Bell,* 368 Mich 443.

The order of dismissal should be affirmed. Costs to appellee.

DETHMERS and O'HARA, JJ., concurred with KELLY, J.

ADAMS, J. Regrettably, for the second time, this case is before us upon an inadequate record. As four members of this Court stated upon the prior appeal:

"Plaintiff, pleading no matter of evidence distinguished from conclusions of fact (this he is told to do by Court Rule No 17, § 2 [1945]), is 'entitled to put in his proofs.' We should accord him that right." *Kent* v. *Bell,* 368 Mich 443, 451.

Plaintiff's amended complaint states that in July, 1927, he became the owner of a lot. He married Aileen Kent and, in September, began the

construction of a residence which was built under his personal supervision and direction. The Kents occupied the house until their divorce in 1950.

During that 22-year period, plaintiff says that he "regularly and continuously made repairs, alterations, improvements and additions to the house, either through his personal labor or through employees under his supervision." Kent attempted to acquire the home in the divorce proceedings "because of his pride in the property, his personal desire to retain that which he had built, and his interest in the particular structure." He relinquished his rights due to Aileen Kent's opposition. The house was closed from 1950 to 1952. "From October 15, 1952, or thereabouts, until the early fall of 1953, the decedent, Aileen Kent, attempted to maintain the operation and maintenance of the house through the employment of tradesmen and repair mechanics."

Plaintiff avers that on or about November 17, 1953, he met Aileen Kent. She stated "that she had employed plumbers and painters to do repair work at the house; that she was unhappy with their work; that *she was unable to cope with the responsibilities of managing the house,* but that she wanted to keep it so long as she needed the home." (Emphasis supplied.)

The agreement plaintiff claims was entered into by himself and Aileen Kent is set forth in paragraph 13 of the amended complaint and is quoted in Justice KELLY's opinion.

Plaintiff has stated a cause of action. Land, traditionally presumed to have a peculiar value, is subject to specific performance. There is also involved a house having a particular value to Kent. Conceivably, it could not be duplicated by an award of money.

The following relates to personal property, but it does indicate that unique value is a consideration in granting specific performance:

"Specific performance will be decreed and a contract enforced in regard to personal property which has a peculiar and unique value, over and above its pecuniary or intrinsic value, a sentimental value, or in which the complainant has a *pretium affectionis.*" 49 Am Jur, Specific Performance, § 127, p 150.

To the same effect, see *Jaup v. Olmstead,* 334 Mich 614, 617; *Bayer v. Jackson City Bank & Trust Co.,* 335 Mich 99, 109.

As for plaintiff's performance, Kent alleges that from November, 1953, until the death of Aileen Kent in 1960, he fully performed all his duties and did *maintain, repair, supervise, and care for the residence and contents thereof.* In the light of the unfortunate course this litigation has followed to date, it would have been helpful had the plaintiff pleaded with more particularity what he did and, especially, what he did *in addition* to his actual hours of labor. It would be this performance, if not readily measurable by a pecuniary standard, which might be the consideration for decreeing specific performance. The responsibilities of managing the house may have involved services Aileen Kent could not procure on the open market. Did plaintiff bind himself to the property in some such manner as a son, called back from the city, devotes himself to the family farm in return for a promise to receive the property at the death of his parents? See *Willard v. Skekell,* 236 Mich 197.

Equitable remedies are flexible. Those facts which may move the conscience of a chancellor in one situation may or may not produce a remedy when combined with other facts. It is sufficient here to point out that *full performance* by a plaintiff of

a contract involving land may suffice. Frequently other elements are present and may be a factor in moving the court but their presence is not an absolute prerequisite.

This is true even in the case of an oral contract for land. In his opinion upon previous appeal to this Court, Chief Justice CARR cited *Lyle* v. *Munson,* 213 Mich 250, 260, for the proposition that misleading or fraudulent conduct, by act or acquiescence, is the underlying thought which moves a chancery court to deny resort to the statute of frauds.[1] There has been an unfortunate confusion between the kind of fraud that must be shown for specific performance and the kind that must be shown in an action for fraud or deceit. Corbin states it this way:

"In these cases there is no such deceit as would enable the injured party to maintain an action of trespass on the case.  *  *  *  In the present instance, this seems to require the abandonment of the term fraud in the present line of cases, even with such modifying adjectives as 'virtual' or 'quasi' or 'constructive.' If it is too firmly imbedded in the judicial tongue to be eliminated, then emphasis must be put upon the modifying adjectives, with a candid recognition and explanation of differences." 2 Corbin, Contracts, § 429, pp 471, 472.

As stated in an annotation to Frauds, Statute of, § 217, 37 CJS, p 714:

"Fraud sufficient to prevent the operation of the statute in such cases does not mean fraud in the sense of deliberate and conscious deceit, but fraud inhering in the consequence of setting up the statute."

This Court in *McDonald* v. *Scheifler,* 323 Mich 117, 126, quoted from *Guzorek* v. *Williams,* 300 Mich 633, 638:

---

[1] CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).—REPORTER.

" 'If one party to an oral contract, in reliance upon the contract, has performed his obligation thereunder so that it would be a *fraud upon him* to allow the other party to repudiate the contract, by interposing the statute, equity will regard the contract as removed from the operation of the statute.' " (Emphasis supplied.)

The emphasis is upon the plaintiff and the consequence to him. See, also, *Brummel* v. *Brummel,* 363 Mich 447, 452.

*Hunter* v. *Slater,* 331 Mich 1, 7, quotes from *Cramer* v. *Ballard,* 315 Mich 496, 510:

" 'The statute of frauds exists in the law for the purpose of preventing fraud or the opportunity for fraud, not as an instrumentality to be used in aid of fraud or as a stumbling block in the path of justice. While *no fraud is alleged or proven in this case,* an attempt is made to rely upon the statute and thereby to defeat the undisputed intent of these parties, and this in a chancery court.' " (Emphasis supplied.)

So, in the present case, the fraud which the plaintiff would be required to show is the failure, neglect, or omission of Aileen Kent to perform a contract she had agreed to perform.

Chief Justice CARR also stated:

"The services that the plaintiff claimed to have performed under his agreement with Mrs. Kent were not of a personal nature." *Kent* v. *Bell,* 368 Mich 443, 448.

Comment has already been made upon the nature of the plaintiff's services. Whether they were of a personal nature is a matter for proof. It should be noted, however, that while services of a personal nature have frequently been rendered in cases such as this one, or there has been a filial or close personal

relationship, such factual elements need not be present. *McDonald* v. *Scheifler, supra; Kelley* v. *Dodge,* 334 Mich 499.

This case is remanded to the trial court. It should be so tried that, if either of the parties deems it necessary to appeal, it may come before an appellate court for final disposition on a complete and comprehensive record. Costs to appellant.

KAVANAGH, C. J., and BLACK, SOURIS, and SMITH, JJ., concurred with ADAMS, J.