INDUSTRIAL NATIONAL BANK, *Tr. vs.* ISABEL DRYSDALE *et al.*

MAY 25, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity for the construction of a will. The cause was heard in the superior court on bill, answers, replication, and proof. When it was ready for hearing for final decree the trial justice, as required by gen-

eral laws 1938, chapter 545, §7, certified it to this court for our determination.

The question to be determined is whether the twelfth paragraph of the will of Robert Drysdale, late of the town of Westerly, deceased, evinces a general charitable intent on the part of the testator or merely a specific intent to benefit a particular charitable corporation. By that paragraph he gave the sum of $10,000 to the complainant Industrial Trust Company "in perpetual trust, and upon the following uses and trusts, viz: A. To hold, manage and care for the same and to collect the income therefrom, with power to sell the same or any part thereof, at public auction to the highest bidder, or at private sale for such sum or sums as to it shall seem proper. B. To pay the net income of said trust fund, annually, in equal portions, one week before Thanksgiving Day and one week before Christmas Day, to The People's Mission, Incorporated, of Pawcatuck, Connecticut, a corporation located in the village of Pawcatuck, in the Town of Stonington, New London County, Connecticut."

Since the filing of the bill of complaint the complainant Industrial Trust Company has been succeeded as trustee by the Industrial National Bank. By stipulation filed in this court this change in the record has been duly made and approved.

It appears from the evidence that the testator died on June 20, 1930. At that time The People's Mission, Incorporated, was in existence and was being conducted principally by Mrs. Dagmar Smith under the nominal supervision of a board of management. Mrs. Smith and her husband Alexander Smith originally managed the Mission. He died about ten years before the testator and thereafter Mrs. Smith conducted it until 1948 when she became ill. The corporation was dissolved and thereafter its funds, amounting to $1,058.78, were distributed among the officers of the corporation. Each officer, however, assigned his share to

Mrs. Smith. The Mission then ceased to exist since there was no one to carry on the work.

The evidence further shows that during its existence the Mission held nonsectarian religious services and also helped the poor, especially with baskets of food and also clothing at Thanksgiving and Christmas. The testator did not belong to the Mission but he knew Mrs. Smith well and regarded very highly the work she was doing. He was particularly interested in her charitable work during the holiday seasons of Thanksgiving and Christmas, and during his life made cash contributions to aid her at such times.

It would seem that it was principally that particular charity which he wanted to continue to assist when he directed his trustee to pay to the Mission the income from the trust fund in equal portions at Thanksgiving and Christmas. The trustee made those payments regularly until 1948 when it became impossible to continue them by reason of the dissolution of the corporation. Since the named beneficiary no longer exists the question arises whether the gift has failed. If the testator can reasonably be said to have had a general charitable intent to benefit the poor, then the superior court could consider the application of the gift *cy pres*. The complainant had originally brought its bill for such purpose but when certain respondents raised a question as to the testator's intent the bill was amended, without objection, to seek first this court's construction of the will.

Those respondents contend that the will and the circumstances surrounding its execution plus the evidence as to testator's especial interest in the way Mrs. Smith carried on the charitable work of the Mission show conclusively that the testator did not have a general charitable intent but rather a specific intent to assist the Mission. They further contend that this case on such facts is ruled by *Gladding* v. *Saint Matthew's Church*, 25 R. I. 628.

On the other hand the attorney general, as respondent on behalf of the state in protecting public charities, contends that the testator had a general charitable intent and that the case is more like *Rhode Island Hospital Trust Co. v. Williams*, 50 R. I. 385, than the *Gladding* case. Besides those cases, other cases outside this state have been cited by the parties in support of their respective contentions, but we see no need to refer to them.

After carefully comparing the facts and circumstances properly cognizable in the instant case with those in the above-cited cases, we are of the opinion that it falls within the rule of the *Gladding* case. Here as in that case we find that the dominant intent of the testator was to aid a specific charity with which he was familiar and not to aid the poor generally. His prime interest was in the Mission as conducted by Mrs. Smith with particular reference to its charitable work under her supervision at Christmas and Thanksgiving. Indeed from the testamentary language creating this particular trust fund that would appear to have been his sole interest.

Since the corporation to whom the testator made the gift of trust income payable no longer exists and there is, therefore, no one to carry out the specific intent of the testator, the gift has lapsed. In such a case, there being no general charitable intent on the part of the testator to make it possible to apply the gift *cy pres*, the trust fund reverts to the next of kin by way of a resulting trust. 3 Scott on Trusts, §399.3, p. 2112.

On June 8, 1955 the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

ON MOTION FOR REARGUMENT.

DECEMBER 29, 1955.

PER CURIAM. After our decision in the above case the complainant and the respondents joined in a petition for

leave to file a motion for reargument. They claim that at the hearing all parties, had assumed, without arguing the point, that the proceeds of a resulting trust, if found by this court to have existed and subsequently to have failed, would pass to the testator's next of kin as described in the residuary clause of the will, and that our opinion in the latter respect is apparently contrary to the law generally governing the distribution of the funds.

In view of our other holdings in the cause, we are of the opinion that the parties should have an opportunity to argue the single issue relating to the proper distribution of such trust funds.

As thus limited the motion for leave to reargue is granted.

*Hinckley, Allen, Salisbury & Parsons, Stuart H. Tucker, Douglas W. Franchot,* for complainant.

*William E. Powers, Atty. Gen., Albert J. Hoban, Adm'r of Charitable Trusts, John R. Cosentino, Ass't Atty. Gen.,* for State.

*Edwin B. Tetlow,* for respondents Isabel Drysdale and Mary D. Lueck.

*Tillinghast, Collins & Tanner, Nathaniel S. Thayer,* for respondent Louise Drysdale Andrews.