FRITZ LANGANKE *vs.* BRADFORD DYEING ASSOCIATION.

JANUARY 6, 1956.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This original petition was brought by an employee to recover workmen's compensation under general laws 1938, chapter 300. It alleges in substance and effect that the petitioner, while putting chemicals into jigs in the course of his employment, suffered an injury when the "chemicals splashed over face & left eye" causing total disability for one month. It was heard in the superior court *de novo* on appeal from the decision of the director of labor, and thereupon the trial justice entered a decree including among others the following findings: "1. That the Petitioner received an injury to his left eye in the course of his employment by water mixed with chemicals splashing into his eye on June 3, 1952. 2. That said injury caused Petitioner to be incapacitated from September 29, 1952 to October 28, 1952." The cause is here on the respondent's appeal from that decree.

The respondent claims that the decree is erroneous in that there is no evidence of probative value to support the first and second findings of the decree in so far as they determine that petitioner's injury caused incapacity from September 29 to October 28, 1952. In our judgment this contention would require us to pass upon the weight and credibilty of the conflicting evidence. However, under the act these questions are for the trial justice and his findings are conclusive if they are supported by legal evidence. There is such support in the evidence.

While the written report of petitioner's doctor alone may

not be enough to completely support all such findings, there were other facts in evidence with which it should be considered. Testimony was given by petitioner, by a fellow employee who saw his eye immediately after the accident, and by respondent's doctor who had examined petitioner and who also received a history of first-aid treatment given by the nurse. When all the facts in evidence are considered, it may be that they could support the conclusion for which respondent seems to argue. However, from our examination of the transcript we cannot say that there is no legal evidence, either directly or by reasonable inference, to justify a different conclusion, such as the trial justice found, namely, that the injury complained of was a contributing cause of petitioner's disability for the period stated in the decree.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Thomas J. Capalbo,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.