### KOSTARIDES *v.* CENTRAL TRUST COMPANY.

1. APPEAL AND ERROR—MOTION TO DISMISS—CHARITIES—TRUSTS.

    Allegation that gift lapsed because trust beneficiary does not and never has existed is required to be accepted as true for purpose of consideration of motion to dismiss bill for declaring charitable trust void and for purpose of reviewing order granting the motion before hearing on merits.

2. CHARITIES—CONSTRUCTION OF WILLS—HOSPITALS—NAME OF TESTATOR—INTENT.

    The dominant purpose of provision in residuary clause of will leaving net income of a fund to be paid to a hospital in Greece bearing testator's name, for the maintenance and preservation of present hospital building, construction of new buildings, purchase of hospital equipment and supplies, and such other purposes as, in the sole judgment of the board or other governing body of said hospital, "shall most effectively aid the hospital in its objective of providing medical facilities, drugs and medical care for the people of Andritsena and adjoining communities" together with provision that "if it becomes partially or wholly impossible in the judgment of the trustee to benefit" such people in the manner provided "the trustee shall select or cause to be created such other charitable, religious, or medical nonprofit corporation or foundations" to carry out the purposes specified in particular earlier provision of will, was not to support a hospital merely for purpose of having it bear testator's name but disclosed a very decided general charitable intent.

3. SAME—CONSTRUCTION OF WILLS—RULE AGAINST PERPETUITIES—CY-PRES DOCTRINE—INTENT.

    Bequest of net income of funds left in trust to a hospital in Greece, which is referred to as bearing testator's name, was not invalid as violative of the rule against perpetuities or because of the inapplicability of the doctrine of cy pres, where will also provided that in case it became impossible to do as directed with the fund that the trustee should otherwise carry out the testator's general charitable intent in a specific man-

REFERENCES FOR POINTS IN HEADNOTES

[2] 10 Am Jur, Charities § 102.
[3] 10 Am Jur, Charities § 17 *et seq.*, § 123 *et seq.*
[4] 10 Am Jur, Charities § 12.
[5] 10 Am Jur, Charities § 17 *et seq.*

ner; hence, testator did not die intestate as to such fund as there was a proper disposition for a charitable purpose and his heirs-at-law are left without interest therein.

4. SAME—GREECE—HOSPITALS.

Charitable bequest to a hospital in Greece was not invalid by reason of the fact that the laws of Greece do not recognize a trust, where the will provided that in the event it became impossible to carry out the bequest to trustees of the specifically mentioned hospital in Greece that the trustee, in this country should, in a specified manner, make gifts to a charitable institution or cause in Greece.

5. TRUSTS—EXPENSE ITEMS FOR FLOWERS AND MEMORIAL SERVICES— RULE AGAINST PERPETUITIES.

Entire charitable trust structure was not invalidated by reason of provision in will authorizing and directing the trustee to deduct from earnings of trust funds, as an expense item, the cost of flowers which the testator requested to be placed on his and his wife's crypt 5 specified times a year and to make such expense deduction to reimburse any of his relatives for the reasonable cost of memorial or requiem services held for his or his wife's benefit in a specified church, even if such expense item were to fail as violative of the rule against perpetuities.

BLACK, KAVANAGH, and SOURIS, JJ., dissenting.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted June 5, 1963. (Calendar No. 16, Docket No. 49,941.) Decided July 17, 1963.

Bill by Eustathia Priggooris Kostarides and others, heirs of Angel Priggooris, against Central Trust Company and its successor in interest, American Bank & Trust Company, a Michigan banking corporation, as executor and trustee of the estate of Angel Priggooris, deceased, and against the Angel Priggooris Community Hospital of Andritsena, Olympias Province, Greece, and other beneficiaries under the will of Angel Priggooris, to declare void a provision in his will creating a trust for the benefit of a hospital located in Greece, and asking distribution of residue of estate to heirs-at-law. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Raikos, Barton, Rochford & Thomas (John D. Raikos,* of counsel) and *MacLean & Seaman (Kenneth Laing, Jr.,* of counsel), for plaintiffs.

*Foster, Campbell, Lindemer & McGurrin (Richard B. Foster, Benjamin O. Schwendener, Jr.,* and *Edmund E. Shepherd,* of counsel), for defendant American Bank & Trust Company.

*George S. Porikos,* for defendants Angel Priggooris Community Hospital of Andritsena, the Consul General of Greece, and others.

DETHMERS, J. Plaintiffs are the heirs-at-law of Angel Priggooris, hereinafter called testator, who died leaving a will in which defendant trust company was named executor and trustee and the other defendants were made beneficiaries. Plaintiffs appeal from a circuit court order dismissing, on motion and without trial, their bill of complaint which sought a decree declaring void a charitable trust created in the will, vacating probate court orders approving the executor's final account and assigning the residue in accord with the trust provisions of the will, and directing the probate court to distribute the funds in the trust to plaintiffs.

As plaintiffs say in their brief, this is not a will contest. They challenge the validity of the gift, out of the residue of the estate, to 1 of 4 trusts, fund D. Provisions of the will for gifts out of residue to trust funds A, B, and C are not attacked. Grounds alleged in plaintiffs' bill of complaint as rendering the gift to fund D invalid are chiefly that a named beneficiary thereof, a hospital, is and always has been nonexistent, that the gift has, accordingly, lapsed so that the testator died, with respect thereto, intestate, and that plaintiffs, as heirs-at-law, are, therefore, by way of a resulting trust, entitled to

such fund. An additional reason alleged in plaintiffs' bill of complaint for invalidity of the gift to fund D is as follows:

"j. That the laws of the country of Greece do not recognize a trust of any kind in that trusts are unknown to the law of Greece and said attempted gift of fund 'D' is thereby impossible of administration in the country of Greece and is contrary to the public policy of the country of Greece."

The trial court dismissed the bill of complaint on the ground, *inter alia,* that its allegations and the provisions of the will, attached to the bill, fail to show invalidity of the trust or that plaintiffs have any legal interest in the trust fund or residue of the estate.

After provisions for specific bequests, the pertinent provisions of the will give the residue of estate to the trustee and direct its division, by the trustee, into certain amounts for funds A, B, and C, with the rest of the residue to be apportioned to fund D. With respect to fund D, article 6 of the will, after provision for certain sums out of income to be paid to a society and 2 churches, annually, directs, in paragraph 5, subsection 'c' thereof, as follows:

"(c) The balance of the net income of Fund D, after the establishment and maintenance of reserves hereinafter mentioned in this subparagraph and subparagraph (b) of Article VII, shall be paid to the ANGEL PRIGGOORIS COMMUNITY HOSPITAL of Andritsena, Olympias Province, Greece, (Angel Priggooris Demotikon Nasakomion Andritainis), a nonprofit organization, having, pursuant to the laws of Greece, its own legal representative or representatives, in periodic installments but not less frequently than annually. Such income shall be used for the maintenance and preservation of the present hospital building, the construction of new buildings, the purchase of hospital equipment and supplies, and such

other purposes as, in the sole judgment of the board or other governing body of said hospital, shall most effectively aid the hospital in its objective of providing medical facilities, drugs and medical care for the people of Andritsena and adjoining communities."

Article 7, paragraph 1, of the will provides, in part:

"The trustee shall have the following powers with respect to each trust hereunder, to be exercised as the trustee in its discretion determines to be for the best interests of the beneficiaries:  *  *  *

"(m) To take all acts deemed necessary to insure that the trust benefits provided in Article VI, paragraph 5 herein are being used for the purposes therein set forth; and in the event it becomes partially or wholly impossible in the judgment of the trustee to benefit the people of the City of Andritsena, Olympias Province, Greece, in the manner provided in Article VI, paragraph 5, the trustee shall select or cause to be created such other charitable, religious, or medical nonprofit corporations or foundations for the purpose of carrying out the charitable, religious and medical purposes therein specified."

The will's Article 7, paragraph 4, provides:

"The trustee is specifically authorized and directed to deduct from the income as an expense item, from any or all of the trusts created hereunder, the cost of bouquets of flowers which I request be placed on my beloved wife Anastasia's and my crypt in Deepdale Cemetery in Delta Township, Eaton County, Michigan, each year at Christmas time, the twenty-fifth of March, Easter Sunday, Decoration Day, and Thanksgiving Day. My trustee is also authorized and directed to make such expense deduction for the purpose of reimbursement of any of my relatives for the reasonable cost of any memorial or requiem services held for my wife's or my benefit in the Lansing Holy Trinity Church of Lansing, Michigan."

Plaintiffs' bill alleges that as to trust fund D the gift in the will's article 6(5c) is invalid and with respect thereto the testator died intestate because the beneficiary, Angel Priggooris Community Hospital of Andritsena, Olympias Province, Greece, does not now and never has existed, causing said gift to lapse. For consideration of the motion to dismiss and review here that allegation must be accepted as true. At this point, plaintiffs quote 10 Am Jur, Charities, § 127, as follows:

"If, however, the charitable purpose is limited to a particular object or to a particular institution, and there is no general charitable intent, then, if it becomes impossible to carry out the object, or the institution ceases to exist before the gift has taken effect, and possibly in some cases after it has taken effect, the doctrine of cy pres does not apply; in cases arising under a will, in the absence of any limitation over, or other provision, the legacy lapses."

Following this plaintiffs say that there was here no general charitable intent, but only desire for self-aggrandizement by providing for a hospital bearing testator's name, and with that purpose impossible to carry out, because of the nonexistence of such hospital, the gift lapsed. Cited in this connection by plaintiffs are cases such as *Trust Company of Georgia* v. *Williams,* 184 Ga 706 (192 SE 913), in which testator left the residue of his estate in trust to accumulate income for 25 years and then to provide for building a hospital in honor of his father and mother and the court held the legacy violated the rule against perpetuities because there was no requirement that any or all of the work of the hospital be gratuitously done; *In re Estate of Weeks,* 154 Kan 103 (114 P2d 857), in which the court held that a bequest to a hospital yet to be built was made with intent to create a memorial for testatrix's par-

ents rather than to make a gift for general charitable purpose and held it thus void, saying that the cy-pres doctrine does not justify appropriating an invalid private gift to a valid charitable purpose; *First Portland National Bank* v. *Kaler-Vaill Memorial Home,* 155 Me 50 (151 A2d 708), in which testator left a gift to the Kaler-Vaill Memorial Home at Scarborough for the general purpose of said home but, at time of his death, no such home existed; 6 months later a charitable home with that name was organized; the question raised was whether the court should apply the cy-pres doctrine in favor of the charity; the court held that testator failed to state the purpose of the home as intended by him and that when the court cannot ascertain his purpose or carry out his plan, cy pres has no application; *Industrial National Bank* v. *Drysdale,* 83 RI 172 (114 A2d 191, 119 A2d 729), in which testator gave a sum in trust, its income to go annually to the People's Mission of Pawcatuck; such payments were made for 10 years and then the mission went out of existence; the court found no general charitable intent expressed in the will and so held it impossible to apply the gift, further, cy pres.

Does an examination of the language of the will here indicate applicability of the above cases or, more particularly, does it support plaintiffs' contention that it discloses no general charitable intent or purpose? We think not. The will's article 6(1) directs the trustee to divide his residuary estate into 3 trusts, A, B, and C, for the benefit of certain individual relatives and a fourth trust, " 'Fund D' (for the benefit of the charities hereinafter named)." Article 6(5) provides that the income from fund D shall be paid in specific amounts to a charitable society for the purchase of food and other necessities for poor persons in Andritsena, Greece, and to 2 churches for operation and maintenance thereof,

and the remainder, thereafter, to the named hospital for its maintenance and preservation and purchase of equipment and supplies as, in the judgment of its governing body, "shall most effectively aid the hospital in its objective of providing medical facilities, drugs and medical care for the people of Andritsena and adjoining communities". Article 7(1)(m), as above stated, provides that if "it becomes partially or wholly impossible in the judgment of the trustee to benefit the people of the city of Andritsena * * * in the manner provided in article 6, paragraph 5, the trustee shall select or cause to be created such other charitable, religious, or medical nonprofit corporations or foundations for the purpose of carrying out the charitable, religious and medical purposes therein specified." Examination of the above language discloses a very decided general charitable intent. It is difficult to imagine how it might have been expressed more clearly. Manifestly, the dominant purpose was not support of a hospital merely for the purpose of having it bear his name.

Under the language of the will here, plaintiffs' contentions concerning the alleged invalidity of the gift to fund D as violative of the rule against perpetuities and concerning the inapplicability of the cy-pres doctrine are not supported by the cited cases. Inapplicability of cy pres results here, however, only from the provision of article 7(1)(m) expressly directing the trustee what to do with the portion of the income of fund D intended for the hospital if it be impossible to accomplish his general charitable purpose through a hospital named in his honor. From this plaintiffs can take no comfort. If, as they say, the mentioned hospital does not exist, then it becomes the clear and certain duty of the trustee to carry out testator's general charitable intent in favor of the people of Andritsena in the manner specified in 7(1)(m). Consequently, whether it be by operation of

6(5)(c) or 7(1)(m), the residue is properly disposed of for a charitable purpose, the testator did not die intestate as to fund D, and his heirs-at-law are left without interest therein.

We see, then, that plaintiffs' contentions concerning the gift to fund D by reason of the nonexistence, if proved, of the named hospital would avail them nothing, would entitle them to no share in the fund, and, thus, would leave their bill of complaint properly dismissed for failure to state a cause of action for relief in their favor, because the nonexistence of said hospital could, at most, serve only to bring the provisions of 7(1)(m) into play, still leaving nothing in the residue of the estate for plaintiffs.

Perhaps in an effort to overcome the effects of application of the will's 7(1)(m), if 6(5) cannot be given effect, plaintiffs further claim that trust fund D would be invalid, even if administered under 7(1)(m), for the additional reasons alleged in their bill of complaint, that the laws of Greece do not recognize a trust, that administration thereof is impossible and contrary to the public policy of Greece, it is impossible to transmit fund D to Greece for administration, and a trust cannot be enforced in Greece. If such be the law of Greece, (and we are not now called upon to decide what are the laws of Greece but only whether the allegations of the bill could or do entitle plaintiffs to relief) none of these allegations as to Greek law constitute a bar to administration of the trust, as the will clearly discloses the testator intended, in this country and periodic transmittal of funds, from earnings, by the local trustee, as gifts to a charitable institution or cause in Greece. The bill of complaint alleges nothing of that sort. No invalidity in this respect appears from its allegations.

Plaintiffs claim an interest in the fund because of the provision of the will's article 7(4) authorizing

and directing the trustee to deduct from earnings of trust funds, as an expense item, the cost of flowers which the testator requested to be placed on his and his wife's crypt 5 specified times a year and, also, to make such expense deduction to reimburse any of his relatives for the reasonable cost of memorial or requiem services held for his or his wife's benefit in a specified church. These are denominated expense items in the will, are to be charged off from income by the trustee as an expense of administration, and constitute no benefit to plaintiffs entitling them, as legally interested parties, to the relief sought in their bill of complaint. The same provision in the will is urged as violative of the rule against perpetuities, rendering the gift to the trust funds invalid. Annotation on this general subject is to be found in 47 ALR2d 596, *et seq.* Some of the cases there considered tend to lend support to plaintiffs' contention and others are to the contrary. None is entirely comparable on the facts. This case is distinguishable from those striking down testamentary provisions in this area in that here there is no provision for creation of a trust for the purposes of providing, in perpetuity, for flowers and memorial services. Rather, the trusts are created to benefit other charitable causes or persons out of income, the trustee merely being directed to deduct "as an expense item" reasonable sums for the 2 items here being discussed. Thus, if the flowers or memorial provisions must fail as violative of the rule against perpetuities, the said expense items may not be deducted, leaving unimpaired the correspondingly larger balance of income to be devoted to the charitable causes theretofore provided for. It follows that the entire trust structure is not, on that account, to be deemed invalidated.

Aware that the briefs invite us to consideration of other problems, including interesting questions of

law, we deem their treatment unnecessary to decision of this case.

Affirmed. Costs to defendants.

CARR, C. J., and KELLY, SMITH, and O'HARA, JJ., concurred with DETHMERS, J.

BLACK, J. (*dissenting*). As against defendants' motion to dismiss plaintiffs are entitled to prove, if they can, their pleaded factual allegation that, by the laws of a foreign country, in which country the testator directed disposition of trust fund D, the testator's alternative direction (subparagraph "m" of paragraph "1" of article 7) cannot be effectuated.

I would reverse and remand for entry of order denying defendants' motion to dismiss or, in the alternative, affirm with leave to submit an amendment meeting what to me are hypertechnical objections to this possibly well-founded bill; such amendment to be filed below within 30 days next following release of these opinions. For an instance of such suggested alternative and disposition thereof, see *Kent* v. *Bell*, 368 Mich 443, 451, 452.

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.