*In re* KARP ESTATE

Docket No. 50910. Submitted May 5, 1981, at Detroit.—Decided July 27, 1981.

In his will, Seymour Karp made provision for one-half of his residual estate to be used to build a museum and library in Greece. Following Karp's death, the Oakland Probate Court, at a hearing on the petition for construction of the will, determined, without taking testimony, that it was impossible or impracticable to carry out that provision of the Karp will because the museum and library were nonexistent, because it was impossible or impracticable to cause a suitable legal entity to be created to carry out the specific purpose of the provision and because the funds devised were insufficient to carry out the specific purposes of the provision. The court then applied the doctrine of *cy pres* and awarded the bequest to Oakland University to establish a book collection on humanities and art. The court also held that the nation of Greece, through its Consul General, was not an interested party in the Karp estate, John J. O'Brien, J. The Consul General of Greece appealed. *Held:*

The probate court erred in applying *cy pres* to the facts before it. Without taking any appropriate testimony, the court had no basis for determining impossibility or impracticability of the specific bequest or that the amount of the specific bequest was not sufficient for carrying out the testator's intent. The case must be remanded for further proceedings, in which the Greek Consul General shall be allowed to intervene and evidence concerning the possibility of implementing the testator's bequest will be received.

Reversed and remanded.

TRUSTS — CY PRES.

Three prerequisites are necessary for the application of the *cy pres* doctrine: first, the court must determine whether the gift creates a valid charitable trust; second, it must establish that it is impossible or impracticable to carry out the specific purpose

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Charities §§ 158, 160.

of the trust; and finally, the court must determine whether, in creating the charitable trust, the testator (or settlor) had a general charitable intent.

*George H. Cholack* and *Porikos & Rodes,* for Consul General of Greece.

*Ivan M. Forbes, P.C.,* for Margaret Comas Meitron Karp.

*Beier, Howlett, McConnell, Googasian & McCann,* for Oakland University.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

J. L. BANKS, J. Seymour Karp died on February 5, 1979, leaving a will, interpretation of which forms the basis of this appeal. Paragraph 4 of the will provides:

"I give, devise and bequeath one-half (1/2) of all the rest, residue and remainder of my property and estate, of which I may die seized or prossessed *[sic]*, or to which I may be entitled to at the time of my death, or whatsoever kind or nature, real, personal or mixed, and wheresoever situate, including all property over which I may have the power to appoint or dispose of by my Last Will and Testament, to the Seymour and Margaret Karp Basic Religious Museum and Library, to be built in Plaka, Hania, Crete, Greece."

Attorneys representing the Greek Consul General attempted to intervene after the will was admitted to probate. After an exchange of letters, the Greek Consul sought adjournment of a hearing on a petition for construction of the will. The request for adjournment was denied. At that hearing, the probate court, without taking testimony,

* Circuit judge, sitting on the Court of Appeals by assignment.

determined that it was impossible or impracticable to carry out paragraph four of the will for three reasons:

First, the Seymour and Margaret Karp basic religious museum and library, the designated devisee, was nonexistent;

Second, that it was impossible or impracticable to cause a suitable legal entity to be created to carry out the specific purposes of paragraph four; and

Third, that the funds devised where insufficient in amount to carry out the specific purposes of paragraph four of the will.

Applying the *cy pres* doctrine (see *Kostarides v Central Trust Co,* 370 Mich 690, 696-697; 122 NW2d 729 [1963]), the probate court awarded a devise to Oakland University to provide funds to establish a Seymour and Margaret Karp book collection on humanities and religion. Further, in an order denying rehearing, the probate court held that the nation of Greece, through its Consul General, was not an interested party in the Karp estate.

While we observe, as did the probate judge, that the library and museum were not in existence at the time that the will was construed, we find that there was an intent manifested by the testator to benefit the citizens of Plaka on the Island of Crete. The proper representative of those beneficiaries is the Greek government, by its Consul General. *Kostarides v Central Trust Co, supra.*

Moreover, by failing to take testimony, the probate court erred in applying *cy pres.* To properly apply *cy pres:*

1) The court must determine whether the gift creates a valid charitable trust;

2) It must be established that it is impossible or

impracticable to carry out the specific purpose of the trust; and

3) The court must determine whether, in creating the charitable trust, the testator (or settlor) had a general charitable intent. *In re Rood Estate,* 41 Mich App 405, 416-417; 200 NW2d 728 (1972), 2 Restatement Trusts, 2d, § 390, pp 297-307. We hold that the probate court erred in applying *cy pres* to the facts before it. Without taking any appropriate testimony the trial court had no basis for determining impossibility or impracticability of the specific bequest or that the amount of the bequest was not sufficient for carrying out the testator's intent.

We remand this case to the Probate Court for Oakland County for further proceedings, consistent with this opinion, in which the court shall allow the Greek Consul General to intervene. The court should receive evidence concerning the possibility of implementing the testator's bequest. We retain no jurisdiction.

Reversed and remanded.